# BOWLES *v.* DOBLE.

JUDGMENT UPON PLEADINGS.—Whether under the code a court is authorized to give judgment on the pleadings *quære*, except when an answer contains new matter constituting a defense or counter-claim to which the plaintiff fails to reply.

PRACTICE—ERROR, WHEN WAIVED.—Defendant asked leave to file an amended answer, which he produced on the hearing of his motion. Leave was denied, and defendant thereupon filed a second answer, omitting the matter objected to in the first. *Held,* That though it was error to reject the first answer, defendant waived his right to object, by filing the second.

AMENDMENTS.—The power of the circuit courts over amendments is discretionary, and their action thereon is subject to review in this court only when there has been an abuse of such discretion.

REASONABLE ATTORNEY FEE.—When in an action upon a note stipulating for the payment of a reasonable attorney fee in case of suit, the answer denies that the amount claimed in the complaint is reasonable, an issue is thus raised, which must be tried either by the court or a jury.

APPEAL from Umatilla County.

*John J. Balleray,* for respondent.

*Lucian Everts,* for appellant.

By the Court, THAYER, J.:

This appeal is from a judgment of the circuit court for the county of Umatilla, rendered in an action in favor of

the respondent against the appellant for the recovery of the payment of a promissory note. The complaint in the action was as follows, viz:

That on December 10th, 1881, the above-named defendant made, executed and delivered to one Edward D. Tuttle, for value received, at Weston, Oregon, his certain promissory note in words and figures as follows:

"$500.00.                    WESTON, Oregon, Dec. 10th, 1881.

" On or before the 15th June after date, without grace, I promise to pay to the order of Edward D. Tuttle, at ———, five hundred ($500.00) dollars, in gold coin of the United States of America, with interest thereon in like gold coin at the rate of ten per cent. per annum from date until paid, for value received; and in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum *as the Court may adjudge reasonable* as attorney fees in such suit or action.

S. DOBLE."

That said note was for value duly endorsed and transferred to this plaintiff, who is now the owner and holder thereof, and that the same has not been paid excepting the sum of $113.05, paid thereon on the 10th day of December, 1883, and that the balance due thereon is due and owing from the defendant to the plaintiff. That fifty dollars is a reasonable attorney fee in this action.

Therefore, plaintiff (and respondent here) prayed judgment in said complaint for the sum of $486.95 and interest thereon at the rate of ten per cent. per annum from the 10th day of December, 1883, and for fifty ($50) dollars attorney fees, and for his costs and disbursements in said ac-

tion to be taxed. The appellant filed an answer to the complaint, whereupon the respondent filed a motion for judgment upon the pleadings; upon the filing of the said motion, the appellant presented an amended answer and moved the court for leave to file the same. The following is the substance of the proposed amended answer:

1. Defendant admits the making of the note set forth in said complaint, and its delivery to the said Edward D. Tuttle.

2. Denies that said note was for value or otherwise duly, or at all, endorsed or transferred to plaintiff, except in the manner hereinafter stated.

3. Denies that the plaintiff is the owner or holder thereof, except as is hereinafter stated.

4. Denies that said note has not been paid, except as is hereinafter stated.

5. Avers that there is nothing whatever due or owing from defendant to plaintiff on account of said note, or interest thereon or otherwise, except as hereinafter stated.

6. Denies that $50, or any sum, is a reasonable attorney fee in this action.

7. Avers that plaintiff is not entitled to recover an attorney fee in this action.

Defendant for a further answer and defence avers:

1. That in the month of April or May, 1882, and before said note was due, he paid to the said Edward D. Tuttle, who was at said time the owner and holder of said note, the full amount due thereon, and that said Tuttle at said time delivered said note to defendant.

2. That at about the time of the making of said note, and in order to secure the payment thereof, defendant executed and delivered to said Tuttle a chattel mortgage on a

certain saw mill, which was at said time owned by defendant, and which was then situated on the Blue mountains, about eight miles in a south-easterly direction from the town of Weston, in said Umatilla county, and which said chattel mortgage was duly filed in the county clerk's office of said county, and remained on file at the time of the transactions hereinafter stated.

3. That at the time of said payment by defendant of said note to said Tuttle, plaintiff was the owner and holder of a certain promissory note dated on Nov. 6th, 1880, and which had been made and delivered by defendant to one T. L. Edwards, wherein and whereby defendant promised to pay said Edwards the sum of $237.50 and interest thereon at the rate of ten per cent. per year from date until paid, and which said note had been assigned by said Edwards to the plaintiff herein.

4. That in said month of April or May, 1882, plaintiff was threatening and endeavoring to collect from defendant the amount due from him on said Edwards note of $237.50 by means of an action at law, and that in order to prevent litigation, and as security for the payment of said Edwards note, defendant delivered to plaintiff said Tuttle note of $500, secured by mortgage as aforesaid, to be held by plaintiff as a pledge, and collateral security for the payment of said Edwards note; which said delivery was made by defendant to plaintiff after he had paid said Tuttle the amount due thereon, and of which said payment plaintiff was informed by defendant at the time of said delivery, and plaintiff at or about the time of said delivery gave to defendant a writing in which he admitted and stated that said Tuttle note for $500 was delivered to him by defendant to be held

as security for the payment of the said Edwards note for $237.50.

[5.   That on or about November 20th, 1883, in the city of Walla Walla, Washington Territory, and before the commencement of this action, the defendant tendered to the plaintiff $325 in payment of the said principal and interest then due on said Edwards note, but plaintiff refused to accept the same.]

[6.   That on or about the 22d day of November, 1883, and after the making of said tender, plaintiff caused said saw mill to be sold by the sheriff of Umatilla county, in satisfaction of said chattel mortgage hereinbefore mentioned and described, and realized therefrom the sum of $150, which defendant avers should be credited as a payment on said Edwards note.   And defendant avers that plaintiff caused said saw mill to be sold as aforesaid without having first obtained a decree of this court authorizing him to sell the same; and defendant avers that said sum of $150 was paid to said sheriff at the time of said sale by one James T. Wisdom, who was at said time acting as defendant's agent for the purpose of buying said mill, and that said sum of $150 was furnished by defendant to said Wisdom for the purpose of making said purchase.]

[7.   Defendant avers that he was always ready and willing to pay to plaintiff said sum of $325 from and after the time of making said tender as aforesaid, until the time of said sale of said mill and said receipt by plaintiff of said sum of $150, and that he has since said time been always ready and willing to pay to plaintiff the balance due on said Edwards note, to-wit, the sum of $175, and now pays the same into this court.]

The said motions were both overruled by the court.

The respondent thereupon demurred to the original answer, and the appellant having confessed the same, by leave of the said court filed an amended answer, which, with the exception of an additional paragraph that plaintiff had not commenced any action or suit to recover anything due upon the Edwards note, was, in all respects, like the one first proposed to be filed by him, leaving off the part thereof included in brackets, being the 5th, 6th and 7th paragraphs of the amended answer the court had refused leave to appellant to file; the court having probably indicated upon the hearing of said motion that it would not permit said proposed amended answer to be filed, in consequence of the matter contained in said paragraphs. After said amended answer was so filed, the respondent, without replying or demurring thereto, filed a motion for judgment upon the pleadings, for the sum of $237.50 with interest thereon at the rate of ten per cent. per annum from Nov. 6th, 1880, and for the sum of $50, attorneys' fees in said action, upon the ground that the answer filed admitted that said sums were due respondent from appellant. The court granted the motion, and thereupon the judgment herein appealed from was entered.

The practice of giving judgment upon the pleadings prevails to a considerable extent in this state, though we have no statute authorizing it except when the answer contains new matter constituting a defense or counterclaim and the plaintiff fails to reply or demur thereto. (Sec. 77, Civil Code.) The practice under the New York code has been followed in granting such relief, but that is no authority for it, as the New York code contains an express provision upon the subject and which is omitted from the code of Oregon. A party to an action will, necessarily, when it comes on for trial, be entitled to any advantage in his favor in conse-

quence of defects in his adversary's pleading, but there is
no such procedure, *eo nomine*, as a motion for judgment on
the pleadings.    The objection to such a practice is, that it
is not in harmony with the spirit of the code.    Its tendency
is to deprive a party of a substantial right by a mere defect
in his pleading that could be cured by an amendment, and
which should never be permitted by a court at *nisi prius.*
We can imagine no more serious abuse of justice than the
toleration of a kind of technical sharp practice that sacri-
fices substance to form.    In the case at bar, the appellant
has evidently been deprived of a good, honest defense to the
respondent's cause of action, and if he had stood upon the
motion to amend the original answer, and had not filed any
further answer, we should have been in favor of a reversal of
the judgment upon the ground of the denial of that mo-
tion; but he filed a further answer, and thereby waived, we
think, the error of the court in refusing to allow him to
amend.    In the latter answer he omitted the gist of his de-
fense, the fact that respondent had realized by the sale of
mortgaged property under the mortgage to secure payment
of the Tuttle note, the sum of $150, and had tendered the
balance due upon the Edwards note.    The respondent took
advantage of that omission and again filed a motion for
judgment for the full amount of the Edwards note, which
was all the appellant owed him in the first instance, and
about twice what he owed him when he commenced the
action.    It would be a sad commentary upon courts of jus-
tice if a party, through their instrumentality, could enforce
the payment of a debt in full when half of it had been
paid, and the fact so appeared to the court by the sworn al
legations of the party before it at the time its authority
was called into exercise.

The court below, in this case, could not, it is true, consider the said allegations of the first amended answer, but it had the power, in furtherance of justice, to order the answer which was before it amended. But the authority of circuit courts, in such cases, is discretionary, and can be reviewed only when it has been abused. Nor will this court undertake to reverse or modify a judgment given upon a motion upon the pleadings, whatever its views might be as respects the propriety of that character of practice, if it appear from the pleadings that the party was clearly entitled to the judgment. When the appellant delivered to the respondent the Tuttle note as collateral security for the payment of the Edwards note, he may have made himself liable upon the former note, but to no further extent than the amount due on the latter note. He admits in his complaint that $113.05 was paid upon the Tuttle note, on the 10th day of December, 1883. That payment must have been made after the note came into his hands, as it was turned over to him, according to appellant's answer, about April or May, 1882, and his pleading would indicate that, as he counted upon the whole note as due in his hands, less that payment, and which payment, by fair inference, must have been made to him, there was but one debt upon both notes, and a payment upon either would liquidate the other *pro tanto.* According to this view, the pleadings did not show that appellant owed the respondent $237.50 and interest; that he only owed him $124.45, with interest on $237.50, from November 6th, 1880, to the 10th day of December, 1883, at the rate of one per cent. per month, amounting to $88.17, and interest on $212.62, at the same rate, to the time the judgment was entered, July 15, 1884, amounting to $15.23, making in the aggregate, $227.85, instead of $325.00. The fifty dollars

attorney fees should not have been allowed.    The allowance of an attorney fee, by the terms of said note, was to be such additional sum as the court might adjudge reasonable.    It was alleged in the complaint that fifty dollars was a reasonable attorney fee in the action.    That was denied in the answer, thus raising an issue to be tried, like any other fact in the case, either before the court or before the court and jury. It has not been tried before either.    If tried before the court, as I individually think it might have been, there should be a finding as to what amount would have been a reasonable fee.    No such trial has been had, nor could be on a motion for judgment upon the pleadings.    The allowance of the motion cut off all trial of any issue in the case. The judgment should be modified in respect to the amount as before mentioned, and by the disallowance of the said fifty dollars, the attorney fee.    Neither party should recover costs of this court.

LORD, J. and WALDO, C. J., concur in the judgment.