## BRADTFELDT v. COOKE.

[40 Pac. 1.]

1. VALIDITY OF FRAUDULENT MORTGAGE AS BETWEEN THE PARTIES.—A mortgage given to secure a fictitious consideration for land conveyed by the mortgagee to the mortgagor in fraud of the former's creditors is enforceable between the parties thereto, for such a contract is not void inherently and *ab initio*, but is merely voidable at the suit of creditors, under section 3059, Hill's Code: *Buchtel* v. *Evans*, 21 Or. 309; *Ah Doon* v. *Smith*, 25 Or. 89, distinguished.

2. RESCISSION OF SALE.—A grantee of property by a warranty deed is not entitled to rescind because of a failure of title, if the grantor tender a perfect title before a decree is rendered, unless it further appears that such grantee has sustained some loss, injury, or damage through the delay in perfecting the title.

3. CONTEMPORANEOUS CONTRACTS must be construed together, when they are executed by the same parties and relate to the same subject matter, and will be considered as constituting but one agreement: *Dean* v. *Lawham*, 7 Or. 422; *Kruse* v. *Prindle*, 8 Or. 158, cited and approved.

4. DELIVERY OF INSTRUMENT.—The fact that a mortgage, upon being delivered to the mortgagee, is returned to the mortgagor for safe keeping, does not defeat the delivery.

5. ATTORNEY'S FEES IN NOTE—EVIDENCE.— When there is an issue in the pleadings ... to what is a reasonable attorney fee, some evidence must be introduced on the subject, to sustain an allowance of any sum beyond the amount fixed by statute.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by Eliza Bradtfeldt to foreclose a mortgage alleged to have been executed by the defendant Martha S. Cooke, to secure the payment of a promissory note for four thousand dollars. The evidence shows that on November seventh, eighteen hundred and ninety-one, the plaintiff, being owner in fee simple of lot five in block twenty-one in Albina Addition to Portland, Oregon, for the expressed consideration of four thousand dollars, executed to the defendant Martha S. Cooke, a deed containing a covenant of warranty against all encumbrances, except three mortgages given to secure the payment of demands aggregating two thousand three hundred dollars, which purported to convey lot five in block fifty-one in said addition, and at the same time Mrs. Cooke executed to the plaintiff a promissory note for four thousand dollars, payable in one year, with interest at the rate of eight per cent. per annum, and a mortgage upon lot five in block twenty-one in said addition, which purported to secure the payment of said note, but the defendant retained possession of said mortgage until August twelfth, eighteen hundred and ninety-two, at which time it was procured from her, and placed upon record. On January eighteenth, eighteen hundred and ninety-two, the defendant paid to Henry Witt, who held one of the mortgages excepted in the plaintiff's said covenant of warranty, the sum of one thousand and fifty dollars, and said mortgage was thereupon canceled of record. The complaint is in the usual form for the foreclosure of a mortgage.

The defendant Cooke admits the execution of the note, but denies that any consideration was received therefor, and admits that she signed and acknowledged said mortgage, but denies that it was made to secure the payment of said note. And for a further defense she alleges that the plaintiff represented to her that she was having trouble with one F. H. Shroeder, her divorced husband,

who was threatening to sue her for wages he claimed to be due him, and requested the defendant to take a deed to said property, so that in case Shroeder obtained a judgment against her he could not sell it upon execution, and that for said purpose, and without any consideration therefor, the plaintiff executed said deed; that it was agreed that the defendant should retain possession of said mortgage, but that the plaintiff, by falsely representing that she wished to show it to her relatives, unlawfully obtained possession thereof, and placed it upon record.    The defendant further alleges that at plaintiff's request she paid Henry Witt the said sum of one thousand and fifty dollars, and had his mortgage satisfied of record. · She also tendered to plaintiff a deed to said lot in block fifty-one, and prayed that she might be subrogated to the rights and interest of said Henry Witt in his mortgage, that the lien of said mortgage might be restored and foreclosed, and that her note and mortgage to plaintiff might be canceled.

A demurrer to the new matter alleged in the answer having been overruled, the plaintiff replied thereto, and the cause was referred to John Catlin, Esq., and the evidence taken, from which the court further found, in addition to the facts above stated: "That it is claimed by the plaintiff that she sold and conveyed to the defendant Martha S. Cooke lot five in block twenty-one, and that the mortgage was executed back to secure a part of the purchase price, but the proof does not show that the plaintiff ever conveyed the said lot to the defendant Martha S. Cooke, nor that Martha S. Cooke ever obtained title to said lot; that there was no consideration for said note and mortgage executed by Martha S. Cooke; and at the time of the execution of said deed the plaintiff did not intend to sell, nor did the defendant Martha S. Cooke intend to purchase, the lot described in the mortgage, nor the lot

described in the deed, nor was there an understanding or agreement between them that the plaintiff should sell or was selling, or that the said defendant should purchase or was purchasing, either of the said lots. On the contrary, it was understood and agreed between the parties that the said Martha S. Cooke should take a conveyance to said lot five in block twenty-one, and hold the title for and to the use , and benefit of plaintiff. That from and after the execution of said deed, and up to the time of commencing this suit, the plaintiff continued in possession of said lot five in block twenty-one, and during all the said time continued to exercise acts of ownership of the said lot; that any of and all the acts and things done or performed by the defendant Martha S. Cooke concerning said property were done and performed at the special instance and request of plaintiff. That the said defendant did not see the said lot at the time of said conveyance, nor for many months thereafter. It does not appear that she made any inquiry concerning the value of the lot, or that she had the title examined, or used or exercised any of the precautions ordinarily exercised by a purchaser. That the said note was delivered to plaintiff November seventh, eighteen hundred and ninety-one, but said mortgage was never delivered by the defendant Martha S. Cooke to the plaintiff. That many months after their execution the plaintiff, by false statements and representations, wrongfully obtained possession of the said mortgage, without consideration, and placed said mortgage on record." And referring to the defendant's payment of the Henry Witt mortgage the court found: "That at the time the defendant paid the said note she believed that the title to the property encumbered by said mortgage was vested in her. It appears from the evidence in this case that the lot owned by the plaintiff is lot number five in block twenty-one in the original townsite of Albina,

and that the description in the deed made by plaintiff to the defendant is erroneous"; and thereupon decreed (1) that the note and mortgage executed by the defendant be surrendered, and the mortgage canceled; (2) that the defendant recover one thousand and fifty dollars paid upon the Henry Witt mortgage, and interest at nine per cent. per annum since the payment thereof; and that the defendant Cooke should stand in the relation of assignee of said mortgage, and hold a lien upon said lot five in block twenty-one in said addition to secure the payment of said sum and interest; and that said lien be foreclosed, and the expense of such sale and said debt be paid from the proceeds of the sale of the lot, and that the defendant recover her costs and disbursements of the suit, from which decree the plaintiff appeal.

REVERSED.

For appellant there was a brief by *Messsrs. Watson, Beekman and Watson* and *George W. P. Joseph,* and an oral argument by *Mr. Edward B. Watson.*

For respondent there was a brief by *Messrs. Edward N. Deady* and *Wm. M. Davis,* and an oral argument by *Mr. Davis.*

Opinion by MR. JUSTICE MOORE.

The plaintiff contends that the new matter alleged in the answer does not constitute a defense to the suit, and that the court erred in overruling the demurrer thereto; while the defendant insists that she may plead her participation in the scheme to hinder, delay, or defraud the plaintiff's creditors, and that, the note and mortgage being evidence of an executory contract, which, as she contends, is illegal, the court should not enforce it. The defendant's contention proceeds upon the theory that, she being *in pari delicto,* the maxim, *potior est conditio defendentis,* applies to prevent a recovery in cases where the contract sought

to be enforced has not been executed. The rule is well settled that a court will not, in an action between the parties to an illegal contract, lend its aid either to annul it when executed, or enforce it when executory: *Willis* v. *Hoover,* 9 Or. 418; *Bernard* v. *Taylor,* 23 Or. 416 (18 L. R. A. 859, 37 Am. St. Rep. 593, 31 Pac. 968). But, while the decisions are quite uniform in affirming the foregoing rule, there is an irreconcilable conflict of judicial opinion in defining an illegal contract, and hence the important question to be considered is whether a conveyance made to hinder, delay, or defraud the grantor's creditors is valid between the parties thereto when there is a consideration to support it. The statute of frauds, so far as it applies to the case at bar, declares that "every conveyance  *  *  *  of any estate or interest in lands  *  *  *  made with the intent to hinder, delay, or defraud creditors,  *  *  *  as against the persons so hindered, delayed, or defrauded shall be void": Hill's Code, § 3059. While such conveyances are by the statute declared to be void as to the grantor's creditors, they are, nevertheless, by the great weight of authority, binding and valid between the parties: *Harris* v. *Harris,* 23 Gratt. 737; *Hess* v. *Final,* 32 Mich. 515; *Clemens* v. *Clemens,* 28 Wis. 637 (9 Am. Rep. 520); *Knapp* v. *Lee,* 3 Pick. 452; *Dyer* v. *Homer,* 22 Pick. 253; *Harbaugh* v. *Butner,* 148 Pa. St. 273 (23 Atl. 983); *Still* v. *Buzzell,* 60 Vt. 478 (12 Atl. 209); Bump on Fraudulent Conveyances (2d ed.), 436, 451; Wait on Fraudulent Conveyances, § 395. But in *Nellis* v. *Clark,* 20 Wend. 24, it is held that a contract void as to creditors is void between the parties to it, and, when such contract is executory, it will not be enforced by the courts. The force of this authority is much weakened by the dissenting opinion of NELSON, C. J., in which he clearly distinguishes the difference between an illegal contract, in the strict sense of the term, and one fraudulent as respects creditors; the former kind being alto-

gether void, and the latter void only as against the persons hindered, delayed, or defrauded. In the case of *Harvey* v. *Varney,* 98 Mass. 118, FOSTER, J., in commenting upon the question under discussion, said: "*Nellis* v. *Clark,* 20 Wend. 24, was decided in the supreme court of New York in eighteen hundred and thirty-eight, by Mr. Justice COWEN and Mr. Justice BRONSON, and sustains the position which the present defendants maintain. But a dissenting opinion was delivered by the third judge, Chief Justice NELSON, now of the supreme court of the United States, the reasoning and conclusions of which commend themselves to our judgment in preference to the opinion of the majority of that court." And STEELE, J., in *Carpenter* v. *McClure,* 39 Vt. 9 (41 Am. Dec. 370), also said: "We are aware that in *Nellis* v. *Clark,* the court, citing the case from Maine, have made the distinction between executed and subsisting contracts under a statute very similar to ours, and have put their decision substantially upon the grounds which have been so well set forth in the exhaustive and learned argument of the defendant's counsel. With great respect for the able court, the majority of whom concurred in that decision, we are unable to arrive at the same conclusion. So far as we are informed, contracts fraudulent as to creditors have been uniformly treated by our courts as not becoming thereby void between the parties; and such is clearly the spirit of our reported cases: *Gifford* v. *Ford,* 5 Vt. 532; *Conner* v. *Carpenter,* 28 Vt. 240; *Boutwell* v. *McClure,* 30 Vt. 676." It would be useless to cite further authority upon this subject, for, as was said by DIXON, C. J., in *Clemens* v. *Clemens,* 28 Wis. 637, "It will be found, on examination, that these questions have been and are the subject of the most direct and positive conflict of opinion and decision among the courts of the different states of this Union, and sometimes among the courts of the same state."

1.   Amid such a conflict of authority it should be the duty of a court, when a question is raised for the first time, to adopt that line of decisions which, in its judgment, presents the better reason; and with this object in view we have carefully examined the numerous cases cited by counsel for both the plaintiff and defendant in their exhaustive briefs.   It is admitted that where it appears from the plaintiff's own case, or by proper plea of the defendant, that the contract which is the subject of the suit is void because illegal, the court will not lend its aid either to enforce on one hand or give relief on the other: *Buchtel* v. *Evans,* 21 Or. 309 (28 Pac. 67); *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093).   But there is a marked distinction between contracts which are void *ab initio* and those which are void only as to third parties: *Harris* v. *Harris,* 23 Gratt. 737.   A contract which was void when executed cannot be made valid by ratification of the parties: Wait on Fraudulent Conveyances, § 489; *McIntosh* v. *Lee,* 57 Iowa, 356 (10 N. W. 895); *Atlee* v. *Finch,* 75 Mo. 100 (42 Am. Rep. 385).   Nor is there any method whereby an illegal contract,— one which never had life,— can be rendered efficacious.   A fraudulent conveyance is not void, but merely voidable at the suit of the creditor, and is therefore capable of ratification: Bump on Fraudulent Conveyances, 457 ; Wait on Fraudulent Conveyances, § 482.   A contract entered into to defraud creditors is clearly against the policy of the statute of frauds, as well as against the general policy of the law; but it is not illegal in the strict sense of the term, for the wrong may be condoned by the creditor, and the transaction will thus become purged of the fraud: *Millington* v. *Hill,* 47 Ark. 301 (1 S. W. 547).   The conveyance being valid between the parties to it, and not illegal in the strict sense of the term, it follows that the defendant should not have been

27 OR.—26.

permitted to plead the defense interposed, and there was error in overruling the demurrer.

2.   The plaintiff was the owner of lot five in block twenty-one, and, having executed a deed to the defendant for lot five in block fifty-one, in which she had no interest, the question is presented whether there was any consideration for the note and mortgage.   The plaintiff having in her complaint described the property as lot five in block twenty-one in Albina Addition to Portland, Oregon, the defendant, in her second defense, *inter alia,* alleges that "said plaintiff, upon the seventh day of November, eighteen hundred and ninety-one, made, executed, and delivered to defendant a warranty deed to the following described real property in the county of Multnomah, State of Oregon, to wit: Lot five (5), block fifty-one (51), Albina Addition, Portland, with the frame buildings situated thereon, the same being the real property described in plaintiff's complaint; that no consideration whatever passed from defendant to plaintiff; that defendant has ever since held the deed to said property.   At the same time, and as a part of the same transaction, defendant made her certain promissory note in words and figures as follows (here follows a copy of the note set out in the complaint).   And at the same time defendant made and executed a mortgage upon said property, the same being the mortgage described in the plaintiff's complaint, said note and mortgage being made and executed without any consideration whatever."   It is very evident from these allegations that the defendant did not intend to rely upon any failure of title to the lot which the plaintiff purported to convey to her as a defense to the suit.   No attempt is made to allege that the plaintiff was not the owner of the lot described in her deed, or that, by reason of any failure of title thereto, there was no consideration for the note and mortgage.   It is true, the defendant, upon filing her

answer, tendered a deed to the premises, but the rescission which she sought was in consequence of the alleged fraudulent transfer, and not because of any failure of title. A grantee of premises conveyed with warranty has a remedy upon the covenants of his deed for a failure of title, and if a perfect title be tendered by the grantor before a decree is rendered, the contract will not be rescinded, unless it appear to the court that the grantee has sustained some loss, injury, or damage by reason of the delay in perfecting the title: *Kimball* v. *West,* 82 U. S. (15 Wall.), 377; *Noys* v. *Swope,* 8 Gratt. 46; *Hughes* v. *McNidor,* 90 N. C. 248. The plaintiff, before the decree was rendered, tendered a deed to the defendant, which contained a correct description of the premises, and there having been no proof of a demand for a rescission of the contract, nor any loss, injury, or damage sustained by the defendant by reason of any delay in perfecting the title, no rescission should be decreed.

3. That the deed was the consideration for the note and mortgage is admitted by the answer, in which it is alleged that they were executed at the same time, and as parts of the same transaction. When two contracts are contemporaneously executed by the same parties and relate to the same subject matter they must be construed together as constituting but one agreement *: *Dean* v. *Lawham,* 7 Or. 422; *Kruse* v. *Prindle,* 8 Or. 158. The mortgage recited that it was given to secure the purchase price of the premises, and, while there was an error in the description contained in the deed, the subject matter related as well to the purchase price and security as to the property conveyed or mortgaged.

4. This brings us to a consideration of the delivery of the mortgage, the execution of which is admitted in

---

* The same proposition is considered and affirmed in *Blagen* v. *Thompson,* 23 Or. 239.—REPORTER.

the answer. The statute provides that "The execution of a writing is the subscribing and delivering it, with or without a seal": Hill's Code, § 574; but, the defendant having denied the delivery, her pleading should be construed as a whole, and not by the use she has made of the technical word "executed." The answer also alleges that the plaintiff agreed the defendant might retain possession of the mortgage. As the defendant bases her right to retain possession on plaintiff's agreement, she necessarily admits plaintiff's right to the possession but for such agreement. No lien could attach to the premises until the mortgage had been delivered by the defendant with the intent to give effect to the instrument: 1 Devlin on Deeds, § 260. Delivery is a question of fact, but this may be inferred from circumstances. The plaintiff testifies that after the mortgage had been properly signed, sealed, witnessed, and acknowledged, it was delivered to her, and that because the defendant had a safe it was agreed that she should keep it. If this testimony is to be believed, the mortgage was executed, and the lien attached to the property. The agreement that the defendant should retain it recognizes the right of the plaintiff to contract with reference to it, and in our judgment corroborates the plaintiff's testimony. The mortgage having been delivered, the defendant has sustained no injury, even if the plaintiff adopted a ruse to secure its possession. In view of these considerations the decree of the court below must be reversed, and one entered here foreclosing plaintiff's mortgage for the amount due on the note.

5.   The note having provided for a reasonable attorney fee, the plaintiff alleged that five hundred dollars was such sum as the defendant promised to pay in case suit were brought thereon. The defendant denied that any sum was reasonable as such fee, and upon the issue

thus formed no evidence was taken, and subsequently the statutory attorney fee only will be allowed.

**REVERSED.**