[Decided at PENDLETON July 31, 1897.]

## CARNAGIE v. DIVEN.

(49 Pac. 891.)

EQUITY—SETTING ASIDE CONVEYANCE.—Neither a grantor nor his heirs can impeach a conveyance as voluntary unless at the time the conveyance was executed the grantor was in such a state of mental weakness as to be incapable of fully understanding the nature and effect of the transaction.

INFERENCE OF MENTAL INCAPACITY.—It cannot be inferred from the fact of extreme old age that a grantor was mentally incapacitated to execute a conveyance: *Chrisman* v. *Chrisman*, 16 Or. 127, cited.

PLEADING.—In a suit brought by heirs to set aside a conveyance of real property made by decedent the day before his death, an allegation in the complaint of decedent's mental incapacity to convey "prior to the time of his death" and "immediately before such time" is not a sufficient averment to show his incapacity at the time the deed was executed.

From Baker: ROBERT EAKIN, Judge.

Suit by George M. Carnagie and others against Ambrose P. Diven and others to set aside a conveyance. Plaintiffs appeal from a decree against them.

AFFIRMED.

For appellants there was a brief over the names of *John Bruce Messick* and *Hyde & Packwood*, with an oral argument by *Mr. Messick.*

For respondents there was a brief and an oral argument by *Mr. Frank L. Moore.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a suit by the heirs of John Campbell to set aside a conveyance executed by him to the defendant

Ambrose P. Diven.   The plaintiffs allege that on October 22, 1892, Campbell was the owner in fee of three hundred and twenty acres of land in Baker County, of the value of $4,500, which on that day, for the expressed consideration of said sum, he purported to convey to Diven; that on the next day Campbell suddenly died intestate, at the age of eighty-three years, leaving in said county an estate which has been duly administered upon, the debts fully paid, and the administrator discharged; "that prior to the time of his death, and immediately before said time, the said John Campbell was very feeble in body and mind, occasioned by his extreme old age, and entirely unable to intelligently contract or perform any business; that Diven and his wife, well knowing Campbell's infirmities and his consequent inability to enter into a contract or transact any business, took advantage of their knowledge and his enfeebled condition, and by falsely representing that they would care for and support him during his lifetime, pay him the sum of $2,500, and build on said real property a comfortable dwelling house, to cost not less than $1,200, induced him to execute the deed in question, but neither Diven and his wife intended to keep or perform any of said promises or representations, nor did they intend to pay Campbell at any time, nor have they ever paid any one, any consideration whatever for said real property." The plaintiffs show their right to inherit the decedent's property if no conveyance thereof had been made, and pray for the relief hereinbefore stated. The court having sustained a demurrer to the complaint on the ground that it did not state facts suffi-

cient to constitute a cause of suit, the plaintiffs refused
to plead further, whereupon the suit was dismissed,
and plaintiffs appeal.

The important question raised by the demurrer is
whether the complaint states sufficient facts to entitle
the plaintiffs to the relief demanded. Every person
of lawful age who is seised of real property in this
state may dispose of his interest therein agreeably to
his wishes, and, in the exercise of this right, may
make a voluntary conveyance thereof binding upon
the parties thereto: *Bradtfeldt* v. *Cooke*, 27 Or. 194 (50
Am. St. Rep. 701, 40 Pac. 1). And, while his creditors,
acting on the theory that the debtor should be just
before he is generous, may have such conveyance set
aside as being in fraud of their rights, and thereupon
have the property affected thereby applied to the sat-
isfaction of their liens upon it, neither the grantor nor
his heirs will be permitted to impeach the transfer
unless it appears to the satisfaction of a court of
equity that at the time the conveyance was executed
the grantor was laboring under such a state of mental
weakness or exaltation as to be incapable of fully un-
derstanding the nature and effect of the transaction:
*Allore* v. *Jewell*, 94 U. S. 506; *Griffith* v. *Godey*, 113 U.
S. 89 (5 Sup. Ct. 383); *Jackson* v. *King*, 15 Am. Dec.
354; *Dennett* v. *Dennett*, 84 Am. Dec. 97. It has been
held by this court that, where the consideration paid
for land was grossly inadequate, equity would afford
relief and set aside the conveyance when it satisfac-
torily appeared that the grantor at the time the deed
was executed was of such weak understanding as to be
incompetent to transact business: *Scovill* v. *Barney*, 4

Or. 288; *Archer* v. *Lapp*, 12 Or. 196 (6 Pac. 672). The
plaintiffs having alleged that the grantee never paid
or intended to pay any consideration whatever for the
land in question, it was not incumbent upon them, as
a condition precedent to the right of cancellation of
the deed, to aver a tender of, or a readiness to repay,
the purchase price; and hence the sufficiency of the
complaint must be measured by the allegation of
Campbell's mental infirmity at the time the convey-
ance was executed. Capacity to convey real property
must be equivalent to ability to devise the same, in
which case the state of the testator's mind is deter-
mined by its condition at the time the instrument was
executed: *Clark's Heirs* v. *Ellis*, 9 Or. 128. "For the
sole question," says WILLIAMS, J., in *Kinne* v. *Kinne*,
9 Conn. 102, "is, what was his state of mind at that
time? Had he then an understanding of the nature
of the business he engaged in, a recollection of the
property he meant to dispose of, and of the persons to
whom he meant to convey it, and the manner in
which he meant to distribute it between them?" In
*Chrisman* v. *Chrisman*, 16 Or. 127 (18 Pac. 6), it was
held that neither old age, sickness, nor extreme dis-
tress or debility of body incapacitates, provided the
testator has possession of his mental faculties and
understands the business in which he is engaged. It
is nowhere alleged in the complaint that Campbell
had been adjudged insane prior to the execution of
said deed, so that the condition of his mind would be
presumed to continue, and his lack of power to execute
a conveyance cannot be inferred from his extreme
age. It was incumbent upon the plaintiffs to prove

at the trial the state of his mind at the time the deed was executed, and, if they would avoid its effect, they should have alleged that he was incapacitated at that time. An examination of this allegation as above quoted will show that there is an entire failure in this respect. "That prior to the time of his death" may mean some time anterior to the execution of the deed, "and immediately before said time" may also mean at any time subsequent to the conveyance; so that the averment may be strictly true, and still the grantor may have been in the full possession of his mental powers at the time the deed was executed. The complaint, being defective in this regard, failed to state facts sufficient to constitute a cause of suit; and, this being so, the court committed no error in sustaining the demurrer, and hence the decree is affirmed.

AFFIRMED.