Submitted on briefs December 30, 1909, decided January 18, 1910.

## GUERNSEY v. MARKS.

[106 Pac. 334.]

PRINCIPAL AND SURETY—SURETY COMPELLING ACTION BY CREDITOR.

1. The holder of a matured note is not bound to bring action thereon against the principal debtor, on notice by or request of the surety, who may pay the debt, and then sue the principal.

PRINCIPAL AND SURETY—SURETY'S RIGHT OF ACTION—SPECIAL INDEMNITY.

2. While a surety, whose contract of indemnity from his principal is merely to save him harmless from all loss or damage, has no right of

action against his principal unless compelled by legal process to pay the principal's debt, he may sue as soon as the principal is in default, where the contract of indemnity is special, in stipulating for payment of the principal's debt at a certain time.

BANKS AND BANKING—DEPOSITS—APPLICATION TO PAYMENT OF NOTE— NECESSITY OF DEMAND.

3. A bank, though indebted to the maker of a note held by it, is not required to apply such indebtedness to discharge of the note, in the absence of a demand by the maker, at least unless it has, when the note comes due, sufficient funds of the maker to discharge it.

MORTGAGES—FORECLOSURE—ATTORNEY'S FEE—"WITHOUT LITIGATION."

4. The answer, in an action on a mortgage, providing for allowance for reasonable attorney's fee, having denied the averments of the complaint, among which was one that $25 was a reasonable sum for an attorney's fee, it was error to allow such a fee in the absence of evidence of what sum would have been reasonable on account thereof; the phrase "without litigation," in Circuit Court Rule 17, that in actions on contracts providing for attorney's fees, in which judgment is obtained without litigation, and in which such a fee is allowed by the court, the fee shall be a certain per cent of the amount involved, meaning where there is no controversy concerning the reasonableness of an attorney's fee.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by C. G. Guernsey against J. E. Marks and Mary I., his wife, to foreclose a mortgage of certain real property in Grant County, given by them to the plaintiff to secure the payment of a promissory note executed by the defendant, J. E. Marks, to the plaintiff March 2, 1907, for $250, and payable in three months with interest thereon at the rate of 10 per cent per year until paid. The note provided that, in case suit was instituted to collect the whole or any part thereof, the maker would pay such additional sum as the court might adjudge reasonable as attorney's fees. The complaint is in the usual form, alleges that no part of the promissory note has been paid, and that $25 is a reasonable sum as attorney's fees.

The answer denies the material averments of the complaint, and for a further defense contains allegations, in effect, as follows:

(1) That on March 2, 1907, the defendant J. E. Marks and the plaintiff executed to the Grant County Bank their

joint and several promissory note for $250, payable in three months, and with interest thereon at the rate of 10 per cent per year until paid;

(2) That the plaintiff was a surety on the note so given to the bank;

(3) That on September 11, 1908, such note amounted to $259.05;

(4) That, in order to indemnify Guernsey against all liability which he had incurred on the note so made to the bank, J. E. Marks executed to him the promissory note described in the complaint, and, to secure the payment thereof, the defendants gave the mortgage mentioned;

(5) "That on or about the 10th day of September, 1908, the plaintiff called upon the said Grant County Bank and demanded that said bank forthwith give him, the said plaintiff, notice, in writing, to pay the said note of plaintiff's and the defendant J. E. Marks, and that the said bank then and there refused to do so, yet, notwithstanding such fact, the plaintiff, in the temporary absence of said defendant, J. E. Marks, from Grant County, and without his knowledge or consent, and without demand on the part of the said bank, did voluntarily and of his motion on the 11th day of September, 1908, pay to said bank the sum of $259.05, which was the amount of the principal and interest of said note on the said 11th day of September, 1908, and plaintiff paid the said note for no other reason than that he might sue these defendants and foreclose the note and mortgage given him for the purpose of indemnity only."

(6) "That on the 10th day of September, 1908, the said Grant County Bank was indebted to the defendant, J. E. Marks, in a sum far in excess of the principal and interest on said note and was in excess of any other demands held by the said bank against the said defendant, J. E. Marks and the amounts due from said bank to the defendant, J. E. Marks, were due and payable on the said 11th day of September, 1908, and were good and valid counterclaims against the claims of said bank on account of the note given by the plaintiff and the defendant, J. E. Marks."

On eliminating the two paragraphs quoted as being sham, frivolous, irrelevant, and not constituting a defense

to the suit, a motion for a decree on the pleadings was sustained, whereupon the lien of the mortgage was foreclosed, and the court awarded to the plaintiff $25 as attorney's fees and also $272.50; the latter sum consisting of $259.05 with interest thereon at the rate of 10 per cent per annum from September 11, 1908, when the payment was made, to March 29, 1909, when the adjudication was had. From this decree the defendant appeals.

MODIFIED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580 (91 Pac. ix.)

For appellant there was a brief over the name of *Mr. Errett Hicks.*

For respondent there was a brief over the name of *Mr. V. G. Cozad.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is maintained that the mortgage herein was executed to indemnify the plaintiff against any liability that he might incur by being compelled to pay the promissory note given by him and J. E. Marks to the Grant County Bank, but, as the plaintiff voluntarily discharged that note, his attempt to subject the defendants to the costs and disbursements incident to his suit is a violation of his agreement, and, such being the case, paragraphs 5 and 6 of the answer constituted a valid defense, and an error was committed in striking them out.

1. Considering the averments of paragraph 5 of the answer, no statute of this State requires the holder of a matured promissory note to bring proceedings thereon against the principal debtor, upon notice by or request of the surety, who in the absence of such statute may pay the debt, and thereupon maintain an action against the principal to recover the money so disbursed, with interest thereon. Dan. Neg. Ins. (5 ed.), § 1339; Tiedeman, Com. Paper, § 426; 27 Am. & Eng. Ency. Law (2

ed.), 468. "The surety or guarantor who has paid the debt of the principal," says an author, "may maintain an action of assumpsit against the principal for money paid at his request." Brandt, Suretyship & Guar. (3 ed.), § 229.

2. A well-recognized distinction exists as to the time when a surety may maintain an action against his principal, depending upon the terms of the contract. Thus, an agreement of indemnity given generally to save harmless from all loss or damage will affect a right of action only where the surety has been actually damnified by being compelled by legal process to pay the debt of his principal. Where, however, the contract is special, as that the principal shall pay a certain debt at a specified time, the surety can maintain an action when the principal makes default, even before he is called upon to pay as surety. 32 Cyc. 247; *Brentnal* v. *Holmes,* 1 Root (Conn.) 291 (1 Am. Dec. 44); *Wright* v. *Whiting,* 40 Barb. (N. Y.) 235.

In the case at bar, the contract of indemnity was special, in that it stipulated for the payment of $250 to the Grant County Bank in three months from March 2, 1907. The mortgage herein was given pursuant to such agreement, though not expressed, that J. E. Marks would pay such sum when the debt matured, June 2, 1907, and thereby relieve the plaintiff from the liability which he had incurred by becoming an accommodation maker of the note. Marks was in default more than a year when the plaintiff, on September 11, 1908, paid the sum, which, with interest, was awarded to him by the decree herein. The plaintiff therefore had the right voluntarily to pay the demand, and, having done so, was authorized to foreclose the lien of the mortgage. Jones, Mort. (6 ed.), § 1213.

3. It is not stated in paragraph 6 of the answer when the bank became indebted to Marks, or that he requested

any officer thereof to satisfy his note from such credit, and in the absence of a demand therefor the bank was not required to appropriate the indebtedness in that manner. Morse, Banking (3 ed.), § 559; *London & San Francisco Bank* v. *Parrott,* 125 Cal. 472 (58 Pac. 164: 73 Am. St. Rep. 64) ; *Camp* v. *First Nat. Bank,* 44 Fla. 497 (33 South. 241: 103 Am. St. Rep. 173). If, on June 2, 1907, the bank did not have sufficient of Marks' funds with which to discharge his note, subsequent deposits made by him were not required to be credited thereto without his demand therefor. *Bacon's Administrator* v. *Bacon's Trustees,* 94 Va. 686 (27 S. E. 576).

The paragraphs of the answer to which attention has been called, not having stated facts necessary to make the indebtedness alleged therein applicable to the payment of the note held by the bank, no error was committed in striking out these parts of the defendants' pleading.

4. The answer having denied the averments of the complaint, it is maintained that an error was committed in awarding to the plaintiff any attorney's fees when no testimony was offered tending to show what sum, if any, would have been reasonable on account thereof. It is insisted by plaintiff's counsel, however, that rule 17 of the trial court, respecting such matters, governed the procedure and rendered it unnecessary to offer any evidence on the subject. That rule is as follows:

"In all actions or suits based upon contracts in writing providing for attorney's fees in which judgment or decree is obtained without litigation, and in which an attorney's fee is allowed by the court, the amount of such fee shall be determined as follows, viz.: Ten per cent on sums not exceeding $500.00; seven per cent on excess of $500.00 up to $1,000.00," etc.

In the absence of such rule, unless testimony was received, or a stipulation made, relating to the subject, the court would have been powerless to make a finding or to render a decree thereon. *Bowles* v. *Doble,* 11 Or.

474, 482 (5 Pac. 918) ; *Bradtfeldt* v. *Cooke*, 27 Or. 194, 204 (40 Pac. 1: 50 Am. St. Rep. 701). "The law of evidence," say、the editors of the Encyclopedia of Pleading and Practice (volume 18, p. 1249), "cannot be altered by rule, but it has been held that the courts may adopt rules dispensing with the proof of averments contained in the pleadings where such averments have not been specifially denied."

The phrase, "without litigation," in the rule quoted, evidently means that where no controversy exists respecting the reasonableness of an attorney's fee, as stipulated for in a written contract, the sum awarded therefor shall be based on the ratio of the amount of money involved. When, however, an issue is tendered on thát subject, it is incumbent upon the plaintiff to offer evidence in support of the averments of the complaint. As the reasonableness of the sum demanded was denied in the answer and as no proof was offered by the plaintiff tending to show what sum would have been reasonable as an attorney's fee, an error was committed in awarding any more than the statute prescribes for that purpose.

The decree will therefore be modified by striking out the sum so allowed as attorney's fees, but in all other particulars it is affirmed.     MODIFIED.