Argued January 11, decided January 16, 1912.

## SATTLER *v.* KNAPP.

[120 Pac. 2.]

MECHANICS' LIENS—PROCEEDINGS TO ENFORCE—EVIDENCE.

1. In proceedings to foreclose a mechanics' lien, defendant counterclaimed for damages to a hot water furnace in the building which he alleged plaintiff used under a license from defendant's architect, and which was injured in a stated amount through plaintiff's negligence, evidence *held* insufficient to sustain answer.

MECHANICS' LIENS—PROCEEDINGS TO ENFORCE—ATTORNEY'S FEE.

2. Where, in proceedings to foreclose a mechanic's lien, the complaint alleged, and the answer denied, that $50 is a reasonable attorney's fee, and no testimony was introduced on that question, no fee should be allowed.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Martin Sattler against L. H. Knapp and Olivia H. Failing, to foreclose a mechanic's lien upon certain real property described in the complaint said to have been incurred for services and material furnished in painting a house thereon amounting in reasonable value to $425, no part of which has been paid, except $200. The complaint alleges, and the answer denies, that $50 is a reasonable amount to be allowed as attorney's fees in the suit. The plaintiff made Olivia H. Failing a party defendant, alleging her to have some lien or claim upon the premises subsequent and inferior to the lien of the plaintiff. There is practically no dispute as to the performance of the services, the furnishing of the material, and the

filing of the notice of lien within the time prescribed by law. The principal controversy arises upon the validity of the counterclaim pleaded by the defendant. In the house in question there was a hot water furnace, and about that the answer alleges:

"That heretofore, and on or about the —— day of January, 1909, this defendant's architect, at plaintiff's request and in order and to the end that plaintiff might continue and complete his said contract of painting defendant's house, as set out in paragraph 2 of plaintiff's complaint, and for plaintiff's sole use and benefit, and without charge, licensed, permitted, and allowed plaintiff to use a certain hot water furnace and system then installed in this defendant's house, upon which plaintiff was performing his said labor. * * That by the terms of said license and permission to plaintiff to use said furnace system, as aforesaid, the plaintiff undertook and agreed to take proper care of and prevent said system from freezing or from damage in any manner whatsoever."

In substance, the answer then alleges that by reason of the plaintiff's negligence in the management of the furnace he allowed the fire to die out, as the result of which the water froze in the heating plant and caused the boiler, pipes, and radiators to burst so that they were of absolutely no value, that the defendant was compelled to expend $215.91 in repairing the damage done by plaintiff's negligence. The defendant avers:

"That the contract price between the plaintiff and the defendant agreed for the painting of this defendant's house was $425; that this defendant paid plaintiff February 16, 1909, the sum of $200; that this defendant has a counterclaim against the plaintiff on account of said repairing in the sum of $215.91; and that there is now due and owing to the plaintiff from the defendant the sum of $9.09."

He then alleges a tender of $9.09 and $1.00 for filing the lien and takes the same into court. A general

demurrer to the new matter in the answer having been overruled, a reply was filed denying the same. The defendant Failing defaulted. There was no testimony on the subject of attorney's fees. After a hearing on the issues involved, the court made findings of fact and conclusions of law and entered a decree declaring that the lien of the plaintiff is null, void, and of no effect, and dismissed the suit, and hence this appeal. REVERSED.

For appellant there was a brief over the names of *Messrs. Flegel & Reynolds* with an oral argument by *Mr. John W. Reynolds.*

For respondent there was a brief with an oral argument by *Mr. L. E. Crouch.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. A careful reading of the testimony renders it unnecessary for us to consider the question of law involved by the demurrer to the answer. The defendant himself does not pretend to have had any agreement with the plaintiff about the use of the furnace. His whole affirmative answer depends upon the license which the architect is alleged to have given the plaintiff to use the furnace and the condition imposed upon the plaintiff by that license. In our judgment the defendant fails to produce a preponderance of the evidence sustaining the alleged license or the terms thereof, and it is not clear whether the pipes were frozen on account of the negligence of Sattler or of some one else, even if the plaintiff was responsible at any time for their care. An extended quotation from the testimony would serve but little purpose as a precedent in the reports.

It is enough to say that the decree of the court below is reversed, and a decree here entered according to the prayer of the complaint but without attorney's fees.

REVERSED.