Argued September 17, modified October 15, rehearing denied November 19, 1918.

# COLUMBIA RIVER DOOR CO. *v.* TODD.

### (175 Pac. 443, 860.)

**Mechanics' Liens—Claim—Validity of Lien—Bookkeeping Errors.**

1.   Bookkeeping errors resulting in a delivery of more materials than was reasonably necessary to complete the building and a failure to note certain credits for materials returned, when not willful errors but honest mistakes, do not invalidate a lien.

> [As to liens for materials furnished to be used, but not in fact used, see note in 64 Am. Dec. 678.]

**Mechanics' Liens—Statutes—Failure to Give Owner Statement of Materials Furnished.**

2.   Failure to mail or deliver statements of materials furnished to owner as required by Section 7416, L. O. L., as amended by Laws of 1915, page 224, rendered nonlienable only those items delivered after May 22, 1915, when amendment became effective; it not being retroactive.

**Mechanics' Liens—Amount of Lien—Nonlienable Items.**

3.   Though some of the items of materials furnished were nonlienable, the subcontractor is entitled to a lien for the lienable items after deducting the credits for returned materials.

**Parties—Want of Capacity—Assumed Name—Waiver by Failure to Plead.**

4.   In action to foreclose mechanics' lien where plaintiff alleged its assignor was doing business under a certain name, defendant's failure to plead noncompliance with requirements of Laws of 1913, page 270, as to doing business under an assumed name, waived any benefit which would otherwise accrue to them because of assignor's noncompliance with the statute.

**Mechanics' Liens—Attorney's Fee—Lack of Evidence.**

5.   In mechanic's lien foreclosure action where there was no evidence as to whether $300 was a reasonable amount to be allowed as attorney's fees, plaintiff's allegation that such sum was reasonable being denied no allowance can be made.

## ON PETITION FOR REHEARING.

**Trial—Finding of Fact—Stipulations of Counsel.**

6.   That counsel agree to allow the court to determine attorney's fees in a lien foreclosure case does not obviate the necessity of introducing evidence upon which the court may base a finding as to an issue of fact.

### From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

This is a suit to foreclose a mechanic's lien. The complaint alleges, substantially, that G. A. Morrison, doing business under the name of ''G. A. Morrison Lumber Company,'' at the special instance and request of E. P. Preble, contractor and agent of the defendant W. F. Todd, owner of the land, sold and delivered certain building materials, consisting of lumber, hardware, paint, doors and mirrors, to be used in, and which were used in the construction of two certain buildings; that the reasonable value of the materials so furnished and used in the construction of the buildings is $1,145.85, no part of which has been paid. Then follow allegations of the filing of the lien, the assignment thereof to plaintiff, the allegation that $200 is a reasonable attorney's fee for the foreclosure, and a prayer for the relief sought.

The owner of the premises, W. F. Todd, filed an answer, challenging the right of plaintiff to recover upon the grounds, (1) that the notice of lien was not filed within the statutory time after the completion of the buildings; (2) that prior to the delivery of any materials this defendant posted notices upon the premises that he, the owner, would not be responsible for any labor or materials used in the construction of the buildings; (3) that this defendant was never furnished with any invoices of any materials furnished for use in such buildings or any copies thereof, and was never notified by the G. A. Morrison Lumber Company of the furnishing of any materials or given any authority to so furnish them, until long after he had settled with his contractor. These allegations are followed by this averment:

''This answering defendant further alleges that he is informed and has reason to believe and does believe

and therefore alleges that much of the material now sought to be recovered for in this suit was not delivered upon said premises and never entered into the construction of the buildings thereon.''

The defendant Markwood filed an answer and cross-complaint wherein he sought the foreclosure of two mortgages upon portions of the premises involved in the controversy and praying that the liens of such mortgages be adjudged prior and superior to that of plaintiff.

Replies having been filed, a trial resulted in a decree dismissing plaintiff's suit and foreclosing Markwood's mortgages.  Plaintiff appeals.  MODIFIED.

For appellant there was a brief over the names of *Mr. John R. Hughes, Mr. Leslie S. Parker* and *Messrs. Lewis, Lewis & Finnigan,* with an oral argument by *Mr. A. T. Lewis.*

For respondent W. F. Todd, there was a brief submitted over the name of *Mr. Allen R. Joy.*

For respondent William E. Markwood, there was a brief and an oral argument by *Mr. L. E. Crouch.*

BENSON, J.—The trial court failed to make any findings of fact or conclusions of law in this case, and therefore we lack his assistance in determining the credibility of witnesses whom we have never seen or heard, and we are also in the dark as to the legal conclusions upon which the decree was based. We have made a careful review of the evidence, which in many details is conflicting, and from it all, we find the history of the transactions to be about as follows: Early in the spring of 1915, W. F. Todd, the owner of two contiguous lots with an aggregate frontage of 100 feet,

entered into a contract with E. P. Preble, whereby the latter, for a stipulated price agreed to erect three dwelling-houses upon such lots. Preble arranged with G. A. Morrison, who was doing business under the name of the ''G. A. Morrison Lumber Company'' to furnish materials for the buildings, consisting of lumber, doors, windows, hardware, mirrors, paints and oils. The evidence as to the details of this arrangement is so conflicting that we are unable to say what they were. It is true that defendants introduced in evidence a so-called ''estimate'' which they claim was Morrison's bid for furnishing all of the materials for one house, and that all three were to be exactly alike as to dimensions and construction. Morrison, however, insists that after his estimate was made, Preble made frequent changes in his plans, and that several estimates were subsequently made, none of which were adhered to. It also appears to be undisputed that one of the buildings was finally completed, with four rooms upstairs, while the other two were not finished above in any manner, not even being floored. It also seems to be established that much more material went into each house than the amount specified in the ''estimate.'' On June 1, 1915, Preble paid Morrison $250 on account and later in the same month, made an additional payment of $350 with the agreement that the total payments, then amounting to $600, would be applied upon the house nearest completion (being known as the ''larger house,'' because it was completed into four finished rooms upstairs), and that the right to a lien upon that building should be waived by Morrison, in order that the owner might negotiate a loan thereon. It is also disclosed by the evidence that the $600 so applied would fully cover all of the material in the structure to which it was applied. The waiver

was executed, the building which had been freed from an impending lien was mortgaged to secure a loan, and on July 12, 1915, the notice of lien which is the basis of this suit was filed, covering the other two buildings. There is some conflict in the evidence as to when the structures were completed, but we think there is a preponderance supporting the conclusion that they were finished after June 12th, and that the lien was filed within the statutory time.

1. The record discloses a number of errors in bookkeeping in regard to plaintiff's claim, resulting in a delivery of more material than was reasonably necessary to complete the buildings and a failure to note certain credits for materials returned, but we find nothing in the record to indicate that these errors were willful or anything more than an honest mistake, and therefore do not render the lien void: *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357) ; *Grants Pass Trust Co.* v. *Enterprise Min. Co.,* 58 Or. 174 (113 Pac. 859, 34 L. R. A. (N. S.) 395).

2. It is admitted by the plaintiff that no statements of materials furnished were ever mailed or otherwise delivered to the owner of the premises as required by Section 7416, L. O. L., as amended by Chapter 185, Laws of 1915. This amendment became effective May 22, 1915, and not being retroactive in character, it renders nonlienable only those items which were delivered after that date: *Walker* v. *Lanning,* 74 Wash. 253 (133 Pac. 462). It appears from the notice of lien, that materials to the value of $168.60 were delivered after May 22d, and this amount should therefore be deducted from plaintiff's claim.

3. While the evidence is confused and altogether unsatisfactory as to the amount of material actually used

in the two houses, and is practically silent as to what became of the excess, the testimony of experts shows that such materials of the reasonable value of $1,130, were so used. Deducting from this the credits for returned materials, amounting to $39.25, and the non-lienable items delivered after May 22d, amounting to $168.60, leaves the claim valid for the sum of $922.15, for which, under authority of *Portland Floor Co.* v. *Spaulding Logging Co.,* 64 Or. 316 (130 Pac. 52), plaintiff is entitled to a decree.

Defendants urge that the failure of the plaintiff to allege and prove a compliance by the G. A. Morrison Lumber Company with the requirements of Chapter 154, Laws of 1913, in regard to doing business under an assumed name, is fatal to plaintiff's right of recovery.

4. The complaint specifically alleges that Morrison was doing business under the name of "G. A. Morrison Lumber Company," but no defendant saw fit to raise an issue thereon either by demurrer or answer, and any advantage which might otherwise have been taken thereof is thereby waived: *Beamish* v. *Noon,* 76 Or. 415 (149 Pac. 522); *Schucking & Co.* v. *Young,* 78 Or. 483 (153 Pac. 803).

5. The complaint alleges that $300 is a reasonable sum to be allowed as an attorney's fee for foreclosing the lien, and this averment is denied by the answer. No evidence was offered upon the issue so joined, and therefore nothing can be allowed thereon: *Guernsey* v. *Marks,* 55 Or. 323 (106 Pac. 334).

It follows that a decree should be entered here foreclosing plaintiff's lien in the sum of $922.15, and giving such lien priority over the two mortgages of the defendant Markwood, plaintiff to recover its costs and

disbursements in the lower court, neither party to recover costs in this court. It is so ordered.

MODIFIED.

MCBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.

---

Denied November 19, 1918.

PETITION FOR REHEARING.

(175 Pac. 860.)

On petition for rehearing.  Denied.

*Mr. John R. Hughes, Mr. Leslie S. Parker* and *Messrs. Lewis, Lewis & Finnigan,* for the petition.

*Mr. Allen R. Joy* and *Mr. L. E. Crouch, contra.*

BENSON, J.—6. In the original opinion herein occurs the following language:

"The complaint alleges that $300 is a reasonable sum to be allowed as attorney's fees for foreclosing the lien, and this amount is denied by the answer. No evidence was offered upon the issue so joined and therefore nothing can be allowed thereon: *Guernsey* v. *Marks,* 55 Or. 323 (106 Pac. 334)."

This portion of the opinion of the court is challenged by plaintiff in a petition for rehearing, which calls our attention to the fact that in the trial court a stipulation in regard to the matter was entered into as follows:

"Mr. Lewis: I will now ask Mr. Joy if he will stipulate as to attorney's fees?

"Mr. Joy: That has already been gone over and agreed upon.

"The Court: Let us get it into the record formally. Do you agree the attorney's fee may be determined by the court, Mr. Joy?

"Mr. Joy: I do, I always do in these cases. I made that statement before."

It will be observed that nothing is said in this agreement as to the amount of the fee, or as to the introduction of evidence. It is simply stipulated that in this particular the court shall do what the statute says it shall do; namely, to make a finding and decree as to the reasonable amount to be awarded as a fee, and our attention has not been called to any authority supporting the doctrine that such a stipulation obviates the necessity of introducing evidence upon which to base a finding as to an issue of fact.

We might well have added to the citation of *Guernsey* v. *Marks,* 55 Or. 323 (106 Pac. 334), the following cases, all of which announce the same doctrine: *Bowles* v. *Doble,* 11 Or. 474 (5 Pac. 918); *Bradtfeldt* v. *Cooke,* 27 Or. 194 (40 Pac. 1, 50 Am. St. Rep. 701); *Cox* v. *Alexander,* 30 Or. 438 (46 Pac. 794); *First National Bank* v. *Mack,* 35 Or. 122 (57 Pac. 326); *Lassas* v. *McCarty,* 47 Or. 474 (84 Pac. 76); *Wright* v. *Conservative Investment Co.,* 49 Or. 177 (89 Pac. 387); *Waymire* v. *Shipley,* 52 Or. 464 (97 Pac. 807); *Mael* v. *Stutsman,* 60 Or. 66 (117 Pac. 1093); *Sattler* v. *Knapp,* 60 Or. 466 (120 Pac. 2).

It is further urged that the ruling in *Guernsey* v. *Marks,* 55 Or. 323 (106 Pac. 334), is not applicable to the case at bar, for the reason that in actions for the collection of promissory notes and the foreclosure of mortgages, the attorney's fees are matters of contract, while in the foreclosure of mechanics' liens such fees are a creature of statute and in the nature of costs. This may be conceded without citation of authority, but the deduction which the learned counsel draws

from this premise does not appear to us to be a logical sequence. It is true that the Supreme Court of California, in *Mulcahy* v. *Buckley,* 100 Cal. 484 (35 Pac. 144), holds that it is unnecessary to allege in the complaint the sums paid for filing and recording the claim of lien, or to aver what is contended for as a reasonable attorney's fee, since the right to recover these is a necessary incident of the judgment, as are costs. This would be true if such items consisted of specific amounts, fixed by statute, as are all other costs in this state, but they do not, and the reasonableness of such a fee is just as clearly an issuable fact as it would be in an action to collect a promissory note which provides for a reasonable attorney's fee. These conclusions are supported by the case of *Sattler* v. *Knapp,* 60 Or. 466 (120 Pac. 2), which was a suit for the foreclosure of a mechanic's lien.

Our attention is called by counsel to two decisions of this court: *Portland Sash & Door Co.* v. *Parker,* 61 Or. 203 (121 Pac. 1135), and *Wills* v. *Zanello,* 59 Or. 291 (117 Pac. 291), which appear to support the contention that litigants may agree that the court may determine the reasonableness of an attorney's fee without the introduction of evidence. It does not appear from the opinions in these cases that the question was seriously presented upon the hearing, and it is not discussed, and it may well be observed that in each of these cases the trial court did make a finding upon the subject, which was affirmed by this court, while in the case at bar, there was no evidence offered and no finding made by the court below, and we are called upon to make a finding upon an issue of fact, without a syllable of testimony upon which to base it. This is contrary to a long line of decisions of this court, and the petition for rehearing must be denied.

REHEARING DENIED.