Argued January 18, reversed and remanded January 29, 1918.

## OREGON–WASH. R. & N. CO. *v.* JOHNSON.

(170 Pac. 290.)

**Highways—Levying Special Road Tax—Budget Law.**

1. Under Laws of 1915, page 297, making the budget law (Laws 1913, p. 458) applicable to all districts, etc., having power to levy taxes, except cities of over 150,000 inhabitants, failure of a road district in levying a special road tax to comply with the budget law invalidates the levy, notwithstanding the people of the district assemble in a body to vote on the levy.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Suit by Oregon-Washington Railroad & Navigation Company, a corporation, against Thomas F. Johnson, as sheriff of Hood River County, a municipal corporation. From a decree dismissing the suit, plaintiff appealed. Reversed

Department 1. Statement by MR. JUSTICE BENSON.

This is a suit brought to enjoin the collection of a special road tax attempted to be levied by Road Dis-

trict No. 1 of Hood River County.  The complaint assigns a number of reasons why the attempted action of the taxing district is invalid, among them being an allegation to the effect that the road district did not in any respect comply with what is known as the "Budget Law."  It is further recited that plaintiff's property must bear the burden of 78.3 per cent of the entire tax so attempted to be levied.  It is also averred that one John H. Dunlap, a stockholder, vice-president and general manager of the Wind River Lumber Company, a duly organized corporation, owning a large amount of taxable property in the district, and who was himself a resident, citizen and taxpayer therein, although not the owner of real estate in his own name, was not only refused the privilege of voting at the meeting, but was also denied the right to be heard in objection to the proposed levy.  There are many other allegations in the complaint which are not necessary to the present discussion.

A demurrer was interposed to this pleading, which was sustained by the trial court and, plaintiff declining to plead over, a decree was entered dismissing the suit from which plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Charles E. Cochran* and *Mr. Arthur G. Spencer,* with an oral argument by *Mr. Cochran.*

For respondent there was a brief and an oral argument by *Mr. A. J. Derby,* District Attorney.

MR. JUSTICE BENSON delivered the opinion of the court.

1. A number of reasons are urged by plaintiff to sustain its contention that the demurrer should have been

overruled, but we find it unnecessary to consider any of them except the failure of the district to comply with the provisions of Chapter 234, Laws of 1913, the first section of which opens with the following language:

"It shall be unlawful for any tax to be levied, proposed or adopted, for any county, unless an estimate shall have first been made of the amount of money proposed to be raised by taxation for the ensuing year and such estimate published, and opportunity for a full and complete discussion thereof allowed in the manner hereinafter provided for."

The remainder of the act prescribes the details for making the budget effective and of practical value. This legislation applied to counties only, until the legislature in 1915 enacted additional provisions as follows:

"Sec. 1.   All districts and corporate bodies or organizations having power to levy taxes, except cities having a population of over 150,000 inhabitants according to the last government census, are hereby made subject to the provisions of chapter 234 of the General Laws of Oregon, 1913, and any other budget law that is now or may hereafter be in force applying to counties having a population of less than 150,000 inhabitants.

"Section 2.   In complying with such law or laws the duties imposed on the county clerk or auditor shall be performed by the clerical officer or auditor of the tax-levying district and the duties imposed upon the county court shall be performed by the tax-levying board or body of the district, and the duties imposed upon any other officer of the county shall be performed by the corresponding officer of such district, if there be one, and if there be none, then by such officer as may be designated by the tax-levying board or body of the district": Chap. 222, Laws 1915.

It requires but a cursory examination of this legislation to show that it applies the budget law to road districts as well as to counties.   Defendants urge with

some force that the budget law was enacted to meet the demand of the people that a limitation should be placed upon the action of their representatives, composing boards and the like, to check extravagant tax levies, but that when the people of a tax-levying area are assembled in a body to vote upon such a question the reason for the law fails. The answer to this position is twofold. First, it may well be observed that the act of 1915 specifically applies its provisions to all tax-levying districts other than certain specified exceptions. Second, it must be remembered that Section 3 of the act of 1913, provides that any *taxpayer* who desires shall be heard in favor of or against any proposed levies. It is also to be noted that at a road district meeting no person is permitted to vote or be heard who is not a *bona fide* resident of the district, and the owner of real estate the title to which is in his or her own name. This, of course, excludes many and, in some instances, even a majority of the taxpayers. Hence, if there be no budget hearing as provided by the law of 1913, many taxpayers, like the plaintiff herein, have no opportunity to be heard at any time, which fact we think furnishes an excellent reason for the enactment of the law of 1915.

It has been held by this court in *State ex rel.* v. *Johnson,* 80 Or. 107, 112 (156 Pac. 579), that a disregard of the budget law is fatal to the validity of a tax levy. It follows that the court erred in sustaining the demurrer. The decree is therefore reversed and the cause will be remanded with directions to overrule the demurrer and to take such further proceedings as may be required, not inconsistent herewith.

Reversed and Remanded.

Mr. Chief Justice McBride, Mr. Justice Burnett and Mr. Justice Harris concur.