# THE STATE v. GEORGE WILLIAMS, Appellant.

### Division Two, November 14, 1911.

1. **ALTERING MARKS OF HOGS: Crime Committed Before Change in Statute: Misdemeanor: Limitations.** A defendant charged in August, 1910, with having, in March, 1909, feloniously changed and altered the marks of two hogs of the value of fifteen dollars, could not be convicted of a felony, under Sec. 4541, R. S. 1909, which makes such an offense a misdemeanor. Under the law in force in March, 1909, the offense was only a misdemeanor; and the information not having been filed for seventeen months after the crime is alleged to have been committed, is barred by the Statute of Limitations.

2. ――――: ――――: **Punished as for a Felony.** Under the statute in force in March, 1909, it was only a misdemeanor to steal hogs of less value than thirty dollars; and the statute (Sec. 1903, R. S. 1899) leveled against the crime of altering the marks of hogs prescribed that persons adjudged guilty of violating its provisions should be punished in the same manner as if they had "feloniously" stolen the hog whose mark they had wrongfully altered. But the use of the word "feloniously" therein cannot be held to mean that it is made a felony by that statute to alter the marks of hogs of less value than thirty dollars. Said section 1903 was enacted in 1835, when it was a felony to steal hogs of any value whatever. But in 1879 the law defining larceny was amended, by reducing the punishment for the theft of hogs of a less value than thirty dollars from a felony to a misdemeanor, and that law remained the same until 1909, and section 1903, though its words have remained unchanged, refers, for the measure of punishment, to the general laws fixing the penalties for grand and petit larceny; it does not, by the use of the word "feloniously," placed in it prior to the amendment of 1879, designate the punishment for its violation.

State v. Williams.

3. ——: ——: **Rule of Construction: One Statute Adopting Another Amendment.** When a statute like Sec. 1903, R. S. 1899, declaring that the crime of altering the marks of hogs shall be punished in the same manner as if the accused had "feloniously" stolen the hogs) refers to the general provisions of the law on a given subject for its interpretation, an amendment of the general laws on that subject effects a corresponding amendment of the statute adopting them.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED.

*J. J. Cope* and *G. C. Dalton* for appellant.

The court erred in overruling the motion to quash the information and in overruling the demurrer to the information. The information on its face discloses the fact that the same was not filed, nor the defendant charged, for eighteen months after the alleged offense is said to have been committed. Certainly the marking of hogs only of the value of fifteen dollars, as alleged in the information, is nothing more than a misdemeanor. While it may be said that the punishment for the offense may be such as that prescribed for a felony, yet before the State is entitled to claim such severe punishment the charge should be made and the information filed within twelve months from the commission of the offense. This case is not on allfours with the case of the State v. Zehnder, 228 Mo. 310. In that case the defendant was charged within the twelve months after the commission of his offense. And now here the defendant claims that the most that can be claimed by the State is that to steal, or mark with intent to steal, these two hogs of the value stated in the information is but a misdemeanor; and before the State can avail itself of any kind of punishment it must come within the rule and make the charge within the time, which is within twelve months from the date of the alleged offense. Under this statute all that can be possibly sustained by the State in the

way of punishment would be a punishment as for a felony; yet it only being on its face, from this record, a misdemeanor. And being such the same is barred by the Statute of Limitations; for the reason the prosecution was not commenced in proper time. R. S. 1899, sec. 1908.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

The grounds of the demurrer are that the offense having been committed in March, 1909, and the information not having been filed until August 15, 1910, one year and six months after the alleged offense was charged to have been committed, the same was barred by the Statute of Limitations. The appellant contends that a misdemeanor is charged in the information, and that the Statute of Limitations had barred the prosecution. The court properly overruled the demurrer. Sec. 4541, R. S. 1909; State v. Zehnder, 228 Mo. 310.

BROWN, J.—Defendant was convicted of the crime of altering the marks of two hogs, the property of another; and from a judgment fixing his punishment at two years in the penitentiary, appeals.

The information is bottomed on section 1903, Revised Statutes 1899 (now sec. 4541, R. S. 1909), and charges that defendant in the month of March, 1909, feloniously changed and altered the marks of two hogs of the value of fifteen dollars, the property of one Jesse Beasley.

The defendant seeks a reversal of the judgment on the ground that the crime of which he was convicted was at the time of its commission, only a misdemeanor, and was barred by the Statute of Limitations when the information was filed.

The evidence of the prosecuting witness shows that the alleged crime was committed in March, 1909,

while the information was not filed until August 15, 1910, some seventeen months thereafter. The case turns upon whether the defendant committed a felony or a misdemeanor.

Under the criminal laws which were in force in this State in March, 1909, it was only a misdemeanor to steal hogs of less value than thirty dollars. [Secs. 1898 and 1910, R. S. 1899.] At that time, the law levelled against the crime of altering the mark of hogs prescribed that persons adjudged guilty of violating its provisions should be punished in the same manner as if they had "feloniously" stolen the animal upon which the mark was wrongfully altered. [Sec. 1903, R. S. 1899.]

The word feloniously used in the last named section lends some color to the contention of the State, that while it was only a misdemeanor to steal hogs of the value of fifteen dollars in March, 1909, it was at that time a felony to attempt to steal hogs of that value by unlawfully altering the marks thereof.

Section 1903, Revised Statutes 1899, was enacted at a time when it was a felony to steal hogs of any value whatever. [R. S. 1835, p. 178.] However, the law defining grand larceny was amended in 1879, whereby the punishment for the theft of hogs of a less value than thirty dollars was reduced from a felony to a misdemeanor. [Sec. 1307, R. S. 1879.] It remained in that condition until defendant committed the crime of which he was convicted.

Section 1903, Revised Statutes 1899, under which defendant was convicted, does not designate the punishment for its violation, but refers, for measure of punishment, to the general laws fixing the penalties for grand and petit larceny; consequently when the laws governing grand and petit larceny were amended in 1879, said section 1903, Revised Statutes 1899, was thereby amended to conform to the laws which designated the penalties for its violation.

The rule of construction where one statute adopts another, is that, if the adopting statute specifically designates the title or date of the statute adopted, then the repeal or amendment of the statute thus adopted will not affect the adopting statute. [Culver v. People, 161 Ill. 89.]

When a statute like the one now under consideration refers to the general provisions of the law on a given subject for its interpretation, then an amendment of the general laws on that subject effects a corresponding amendment of the statute adopting them. [2 Lewis's Sutherland on Statutory Construction, (3 Ed.), p. 790, sec. 406.]

In 1891 a special election was held in Jasper county to authorize the county court of that county to levy a tax to erect public buildings. The law authorizing such special election provided that it should be held in all respects the same as elections for state and county officers. Said election was held in conformity with the law in force at the time said law providing for special elections was enacted, and not in conformity with the Australian Ballot law, which had been subsequently enacted in this State. In the case of Gaston v. Lamkin, 115 Mo. 29, we held that said special election was void, and did not authorize the levy of a tax, because it was not held in conformity with the Australian Ballot law. The same rule of law was announced by this court in the case of St. Louis v. Gunning Co., 138 Mo. 347, wherein it was held that a law which provided that appeals from police judges should be governed by the same statutes as appeals from justices of the peace, meant that the law in force concerning appeals from justices of the peace at the time the appeal was taken should govern appeals from police judges.

In the case of Newman v. North Yakima, 7 Wash. 221, a special act of the Legislature of the Territory

of Washington provided that taxes might be levied by the city of North Yakima, in accordance with existing general laws on that subject. In that case it was said: "By this act of incorporation it was provided only that certain things in connection with the levy and collection of taxes should be done in accordance with the provisions of the existing law, and in some places the term used was that the act should be done in accordance with the provisions of the law now in force, or words to that effect. But in none of the references thus made was there any special act, section or provision of the general law set out or indicated. And taking all of such references and construing them together we feel compelled to hold that the Legislature thereby intended simply to provide that such acts should be done in accordance with the provisions of the general law in force at the time of the doing thereof."

The unlawful act of defendant in altering the marks of hogs of the value of fifteen dollars amounted only to an attempt to steal said hogs; that is, an attempt to commit petit larceny, which, if it had resulted in the theft of the hogs, would have amounted to a misdemeanor. Therefore, the information only charges a misdemeanor, and as that misdemeanor was commited more than one year before the information was filed, it was clearly barred by the Statute of Limitations. [Sec. 2420, R. S. 1899, now Sec. 4946, R. S. 1909.]

It follows that the trial court erred in overruling the demurrer to the information and in failing to direct the jury to acquit the defendant.

We are aware that this court in the recent case of State v. Zehnder, 228 Mo. 310, held that the act of unlawfully marking hogs of less value than thirty dollars was a felony. To reach that conclusion it was necessary for the court to hold that the use of the word "feloniously" in said section 1903, Revised Sta-

tutes 1899, manifested a clear legislative intent to make the unlawful marking or altering the mark of animals a felony, regardless of the value of said animals. And this court in that case must have also held that the words, "he shall be . . . . punished in the same manner as if he had . . . . stolen said animals" did not refer to the general statutes fixing the penalty for stealing animals.

In 1835 when said section 1903 was first placed upon the statutes (R. S. 1835, p. 178), the stealing of hogs of any kind or value was punishable by imprisonment in the penitentiary for a term of five years, while the punishment for stealing a horse was fixed at seven years. [Sec. 31, p. 177, R. S. 1835.]

It does not seem probable that the Legislature intended to prescribe the same penalty for unlawfully marking a hog as for unlawfully branding a horse; yet that must be the conclusion if we hold that section 1903, supra, does not refer to the general statutes concerning larceny for the measure of punishment for its violation.

It is apparent that the word "feloniously" as it occurred in section 35, page 178, Revised Statutes 1835, did not add anything to the meaning of that statute. Under said section as it stood in 1835, it would have been a felony to unlawfully mark a hog, even if the word "feloniously" had been entirely omitted from said section; consequently, we see no reason why special stress or significance should be placed upon that word as it now appears in the statute, when to do so places said section out of harmony with the great body of our criminal law, which almost invariably prescribes the same or a lighter punishment for attempting to commit a crime than for the actual commission of such crime. [Sec. 4894, R. S. 1909.]

The judgment of the circuit court is reversed, and the defendant discharged. *Kennish, P. J.*, and *Ferriss, J.*, concur.