Argued February 23, decided March 12, 1912.

## PORTLAND SASH & DOOR CO. v. PARKER.

[121 Pac. 1135.]

From Multnomah: Robert G. Morrow, Judge.

Statement by Mr. Justice Burnett.

This is a suit by the Portland Sash & Door Company, a corporation, against K. E. Parker and Bessie M. Teal to foreclose a materialman's lien for materials furnished for and used by the defendant in the reconstruction of her dwelling house.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Andrew T. Lewis.*

For respondents there was a brief over the names of *Messrs. Wilbur & Spencer* and *Messrs. Booth & Richardson,* with an oral argument by *Mr. J. F. Booth.*

Mr. Justice Burnett delivered the opinion of the court.

It is alleged by the plaintiff that the materials were of the reasonable value of $432.45, of which defendant has paid $150, leaving a balance of $282.45, for which amount, with $75 as attorney's fee, the plaintiff asks the court to decree foreclosure. The answer admits the delivery of materials and the payment of $150, but traverses the allegations of their value. There is affirmative matter in

the answer indicating that the doors and some of the lumber said to be furnished by plaintiff were defective, and warped and shrunk after they were set in place in the building. The defendant also counterclaims for damages in the sum of $1,000. The new matter of the answer is denied by the reply. As mortgagee, Bessie M. Teal was made defendant; but, as that claim was paid *pendente lite,* it was agreed by plaintiff and the defendant Parker that this suit should be considered settled as to the mortgagee. Hence no further notice of that defendant is necessary. The circuit court dismissed the suit as between the plaintiff and defendant Parker, without costs or disbursements to either party, and the plaintiff appeals. The question involved is purely one of fact, and, passing some questions about the sufficiency of the answer, we are of the opinion, after a careful perusal of the record, that the preponderance of the testimony is in favor of the proportion that the plaintiff delivered the material in amount and quality substantially as agreed upon by the parties and as alleged in the complaint, that at the time of its delivery it was in good order, and that the defects complained of are due to conditions subsequent for which the plaintiff is not responsible. It was agreed at the trial in the circuit court that the judge there should fix the attorney's fee after hearing the case, without any testimony directly on the issue about the reasonableness of the amount claimed for that item. In pursuance of this stipulation the sum of $75 was fixed as the proper amount. To extend this opinion by a detailed discussion of the testimony would not serve any good purpose. Suffice it to say that the decree of the circuit court is reversed, and one here entered foreclosing the lien at $282.45, with $75 attorney's fee, but without costs or disbursements to either party.                    REVERSED.