Argued at Pendleton May 8, reversed and suit dismissed July 9, rehearing denied September 10, 1918.

## MARTIN v. GILLIAM COUNTY.

(173 Pac. 938.)

**Statutes—Amendment—Setting Forth Act Amended—Budget Law.**

1. Laws of 1915, page 297, merely declaring all districts, with certain exceptions, subject to Laws of 1913, page 458, the budget law provided for counties contravenes Article IV, Section 22, of the Constitution, inhibiting revising of amendment of an act by mere reference to its title, and requiring the act revised or section amended to be set forth in full.

From Gilliam: DAVID R. PARKER, Judge.

In Banc.

This is a suit to enjoin the collection of a ten-mill special road tax attempted to be levied by Road District No. 1 of Gilliam County on November 24, 1917. No attempt whatever was made by the Road District to comply with the so-called budget law. The question therefore squarely presented is as to the validity of a special road tax levied under the 1917 Highway Code without any budget.

Plaintiff brought this suit as an affected taxpayer. Defendants answered claiming the budget law did not apply to road districts acting under the 1917 statute. Plaintiff's demurrer to the answer was sustained and based upon a stipulation as to the facts the court ordered a decree for plaintiff holding the tax void.

The act requiring a budget in Oregon is Chap. 234, Laws 1913, p. 458. Section 1, among other things, provides:

"It shall be unlawful for any tax to be levied, proposed or adopted for any county unless an estimate shall have first been made of the amount of money proposed to be raised by taxation for the ensuing year and such estimate published and opportunity for a full and complete discussion thereof allowed in the manner hereinafter provided for. * * Estimates of the amounts to be raised by taxation shall be made a sufficient length of time in advance of all regular or special meetings at which by law levies are authorized to be made to permit publication as hereinafter provided."

Section 2 provides in part as follows:

"The estimates required together with a notice of the time and place at which such estimates may be discussed with the County Court shall be published at least twice prior to the time appointed for such proposed meeting in the official county newspaper provided that the first publication shall not be less than twenty days nor the second less than ten days prior to such meeting."

Section 6 of the act provides:

"It shall be the duty of the County Court or such person or persons under their authority as they shall designate to prepare the estimates in this act provided for and the cost of publishing the same shall be paid out of the funds of the county kept for purposes of advertising."

Chapter 222, Laws 1915, p. 297, reads as follows:

"An Act subjecting all tax levying districts, except cities having a population over 150,000, to the budget laws provided for counties.

"Be it enacted by the people of the State of Oregon:

"Section 1. All districts and corporate bodies or organizations having power to levy taxes except cities

having a population of over 150,000 inhabitants according to the last government census, are hereby made subject to the provisions of Chapter 234 of the General Laws of Oregon, 1913, and any other budget law that is now or may hereafter be in force applying to counties having a population of less than 150,000 inhabitants.

"Section 2. In complying with such law or laws the duties imposed on the county clerk or auditor shall be performed by the clerical officer or auditor of the tax-levying district and the duties imposed upon the County Court shall be performed by the tax levying board or body of the district, and the duties imposed upon any other officer of the county shall be performed by the corresponding officer of such district, if there be one, and if there be none, then by such officer as may be designated by the tax levying board or body of the district."          REVERSED AND SUIT DISMISSED.

For appellants there was a brief over the names of *Mr. Jay Bowerman* and *Mr. T. A. Weinke*, District Attorney, with an oral argument by *Mr. Bowerman.*

For respondent there was a brief and an oral argument by *Mr. John B. Hosford.*

There was a brief submitted over the names of *Messrs. Carey & Kerr* and *Mr. Omar C. Spencer,* as *amici curiae.*

McBRIDE, C. J.—1. It is plausibly contended by appellant that the law of 1917 is practically complete in itself, and that under its provisions the so called budget law is inapplicable and unworkable. Waiving these considerations, however, we find an insuperable objection to the constitutionality of the act of 1915, *supra,* making the budget law applicable to "Districts, corporate bodies or organizations having power to levy

taxes.'' That objection is found in the flagrant disregard of Article IV, Section 22, of the Constitution, which reads as follows:

''No act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length.''

That the act of 1915, *supra,* was intended to amend, and, if valid, would amend Section 1 of the Act of 1913, *supra,* by including other tax-levying corporations and organizations than counties, is plain. Had Section 22 of Article 4 been complied with, Section 1 of the Act of 1913 would have read, ''It shall be unlawful for any tax to be levied, proposed or adopted for any county, (District or corporate body or organization having power to levy taxes),'' etc. The radical nature of the change made by the attempted revision is apparent from the new matter bracketed in the above excerpt, and the entire disregard of the constitutional provision above quoted is conspicuous.

The act revised; the section amended is not set forth or published at full length or at all. This omission is within the mischief which Section 22, *supra,* was designed to prevent, as well as in direct contravention of its plain letter.

''The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effects, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws'': Cooley, Const. Lim. (5 ed.), 182.

This act does not come within the spirit of the cases which very guardedly and reluctantly uphold repeals by implication. Here there is no attempt to enact a

new and independent statute upon the same subject as the act of 1913, *supra,* but an attempt to insert into it, and by reference to it, certain provisions enlarging its scope without setting forth the statute as it would appear after being so revised. If it can be done in this instance there is no limit to the extent to which statutes can be revised or amended without setting forth the amended statute at full length, and the constitutional provision above quoted would, therefore, be rendered nugatory. The act of 1915 is void. In the case of *Oregon-Wash. R. & N. Co.* v. *Johnson,* 87 Or. 240 (170 Pac. 290), we held the act of 1915, *supra,* applicable to road districts, the constitutionality of the law not being questioned by either party, but practically conceded. This is the first case in which the irregular manner in which it was enacted has been called to the attention of the court. While that case would probably have been reversed in any event on account of other irregularities in the proceedings, it is enough to say that had the constitutionality of the act of 1915 been questioned and the disregard of Section 22 of Article 4, *supra,* called to the attention of the court, our holding upon that question would have been in accord with the views enunciated in the present opinion.

It is conceded that the proceedings of the meeting are regular in all other respects. The decree of the Circuit Court is, therefore, reversed and the suit dismissed.

REVERSED AND DISMISSED. REHEARING DENIED.