Submitted on brief June 27, modified September 16, 1919.

# STATE OF OREGON *v.* GANONG.

(184 Pac. 233.)

**Eminent Domain—State Liable for Attorney's Fee Only When Alleged and Proved.**

1. In view of Sections 577, 6860, 7424, 7434, 7442, 7448, 7459, 7495 and 7503, L. O. L., state condemning land for highway is liable for attorney's fees under Section 6868, as amended by Laws of 1913, page 81, providing for "reasonable attorney's fees to be fixed by the court at the trial" only where the attorney's fee is alleged and proved by defendant and tried by a jury where the other facts are tried by a jury.

**States—State not Liable for Costs in Absence of Statute.**

2. The state is not liable for costs and disbursements unless there is some statute which expressly or by clear and necessary implication includes it, since the mere general terms of a statute giving costs do not include the sovereign.

**Eminent Domain—State can Abandon Proceeding to Condemn Land.**

3. In state's proceeding to condemn land for highway, court had no power to enter a judgment compelling payment of award, since state could have abandoned proceeding.

**Eminent Domain—Judgment Provides for Costs and Disbursements Though Proceeding Abandoned.**

4. The trial of an action in which land is condemned for public use is followed by a judgment which is made up of two distinct parts; one relating to value of land to be paid for in event land is actually taken, the other relating to costs and disbursements to which defendant is entitled, regardless of whether plaintiff does or does not take the land.

**Costs—Where Statute Allows Attorney's Fee It must be Alleged and Proven.**

5. A litigant upon whom the statute confers the right to an attorney's fee must allege the amount claimed and offer evidence in support of the allegation, notwithstanding that court has special knowledge of the subject.

**Costs—Successful Party must File Verified Cost Bill.**

6. Costs and disbursements cannot be allowed a successful litigant unless he pleads his costs and disbursements by filing a verified cost bill, and if the defeated litigant desires to contest the cost bill, he must do so by filing verified objections; the two verified papers constituting the pleadings.

From Clackamas: ROBERT TUCKER, Judge.

In Banc.

The sole question involved in this appeal is, whether or not the defendants are entitled to attorneys' fees in a condemnation proceeding brought by the state, to condemn a right of way for the Pacific Highway across defendants' premises.

It is urged by the state that no attorney's fee is recoverable in a proceeding of this kind, where the state itself is a party plaintiff; and the state further contends that if such a fee is recoverable at all, there must be an allegation in relation thereto in the pleadings before the case is submitted to a jury, in order to justify the taxing of the same.

In this case there was no allegation in the answer as to the amount which would be reasonable as an attorney's fee, the only allusion thereto being in the prayer that the defendants "have judgment for their costs and disbursements herein, including a reasonable attorney's fee." This was the condition of the pleading up to the time the defendants were about to rest, at which time it was stipulated in effect that if the defendants were entitled to a reasonable fee at all, the court might fix the same; but the plaintiff insisted upon its contention that the defendants were not entitled to any attorney's fee at all.

Upon this stipulation the jury was sent out for deliberation, and thereafter the amount of attorney's fee was taken up before the court, and the plaintiff again objected to any attorney's fee upon the following grounds: (1) That there are no allegations in any of the pleadings which will support a verdict or judgment awarding the same, or permit the introduction of any testimony in support thereof, and that only such facts as are alleged in the pleadings may be proved by the

evidence or supported by the verdict, and the judgment cannot be in excess of such allegations. (2) That there is no statute allowing attorney's fees, fixed by the court, to be recovered from the state where it is the plaintiff, in proceedings of this kind.

Thereupon counsel for defendants moved the court for permission to amend their answer, by including therein an allegation to the effect that $300 was a reasonable sum to be fixed and allowed by the court as an attorney's fee. This amendment was allowed over the objection and exception of plaintiff, and the court afterwards fixed the attorneys' fee at $300, which was taxed by the clerk as part of the costs.          MODIFIED.

For appellant there was a brief over the names of *Mr. Geo. M. Brown,* Attorney General, and *Mr. Isaac H. Van Winkle,* Assistant Attorney General.

For respondents there was a brief submitted by *Mr. Joseph E. Hedges* and *Messrs. Wood, Montague & Hunt.*

BENNETT, J.—Section 6872, L. O. L., enacted by the legislature in 1905, authorized the state to commence proceedings for the appropriation of real property for public use, and contains the following provision:

"The procedure in said suit, action or proceeding, shall be, as far as applicable, the procedure provided for in and by the laws of this state for the condemnation of land or rights of way by public corporations or *quasi* public corporations for public use or for corporate purposes."

Section 9 of Chapter 237, 1917 Laws, gives to counties, in the first instance, the right to bring proceedings

to appropriate rights of way for state highways, and then provides:

"In case of neglect or refusal to so acquire said right-of-way, the State shall have the power, through the Commission, to acquire said right-of-way either by donation, purchase, agreement, condemnation, or through the exercise of the power of eminent domain, in the same manner as is provided by law for acquiring property for other public uses."

Section 577, L. O. L., adopted in 1862, provided:

"In all actions or suits prosecuted or defended in the name and for the use of the state, or any county or other public corporation therein, the state or public corporation shall be liable for, and may recover, costs in like manner and with like effect, as in the case of natural persons."

At the time of the enactment of Section 6872, L. O. L., authorizing the appropriation of real property, etc., generally by the state, and providing that the procedure should be the same as in the nature of condemnations by public corporations, the law did not make such public corporations liable for any attorney's fee, except statutory costs, the law as to costs and disbursements in such cases, then reading as follows:

"The costs and disbursements of the defendant shall be taxed by the clerk, and recovered off the corporation; but if it appear that such corporation tendered the defendant, before commencing the action, an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements off the defendant": L. O. L., § 6868.

In 1913, however, the foregoing section was amended so as to read as follows:

"The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, *shall be taxed by the clerk* and recovered from the corporation, but if it appear that such corporation tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements from the defendant, but the defendant shall not be required to pay the plaintiff's attorney fee."

And it is under this amendment the attorney's fee of $300 was claimed by the defendants and adjudged to them by the court.

One of the questions, and perhaps the most far-reaching and serious one, in the case, is whether or not this latest amendment applied to condemnation proceedings brought directly by the state.

On behalf of the plaintiff it is urged that when the legislature in 1905 provided for condemnation proceedings by the state, and that in such proceedings the procedure should be, as far as applicable, the procedure provided for in and by the laws of this state for the condemnation of land or rights of way by public corporations for public use; that it adopted in such condemnation proceedings, only the laws governing condemnations by other public corporations, as they then stood, and not as they should thereafter be amended. And to support this contention the plaintiff refers the court to the following cases: *State* v. *Caseday,* 58 Or. 429 (115 Pac. 287); *Skelton* v. *Newberg,* 76 Or. 126 (148 Pac. 53); *Martin* v. *Gilliam County,* 89 Or. 394 (173 Pac. 938).

On the other hand, the defendants suggest a distinction between the statutes adopting the provisions of a specific enactment, and the adoption by a special act of *general* provisions of the law, by a general clause in

the later enactment; and contend that, while the rule contended for by the plaintiff is the general rule in cases where some specific enactment is adopted by section and chapter; yet when the provision is general, and refers to general procedure, as in this case, a different rule applies, and subsequent modification of the general practice will be deemed to be within the intent of such adoption.

In support of this contention the defendant cites the decisions of a number of states and the texts of Endlich on Interpretation of Statutes, and Lewis' Sutherland on Statutory Construction.

It seems this contention is well founded, both in principle and upon authority, and should be sustained.

In Lewis' Sutherland on Stat. Const., (2 ed.), Section 405, it is said:

"There is another form of adoption wherein the reference is not to any particular statute, or part of a statute, but to the laws generally which govern a particular subject. The reference in such case, means the law as it exists from time to time, or at the time the exigency arises to which the law is to be applied."

To the same effect is the doctrine as stated by Endlich on Statutory Construction, Section 493.

In the California case of *Ramish* v. *Hartwell,* 126 Cal. 443 (58 Pac. 920), the court, on this subject (speaking of the general rule invoked by plaintiff here), says:

"This rule is subject to a qualified exception, in cases of adoption in a special act of the provisions of law then in force by virtue of general laws. In such cases, subsequent modifications of the general law, will be deemed to be within the intent of such adoption, so far as they are consistent with the purposes of the particular act."

In *State* v. *Williams,* 237 Mo. 178 (140 S. W. 894), the court says:

"The rule of construction, where one statute adopts another, is that, if the adopting statute specifically designates the title or date of the statute adopted, then the repeal or amendment of the statute thus adopted, will not affect the adopting statute, but when a statute like the one now under consideration refers to the general provisions of the law on a given subject for its interpretation, then an amendment of the general laws on that subject affects a corresponding amendment of the statutes adopting them."

This seems to be the rule generally agreed upon by the authorities; also the natural and appropriate construction of the language of Section 6872, L. O. L., and Section 9, Chapter 237 of the Laws of 1917.

The language in the former section, providing that the procedure in a condemnation proceeding by the state, shall be "the procedure provided for in and by the laws of this state for the condemnation of lands for rights of way by public corporations," seems to refer to the laws of the state at the time of the proceeding by the state, and not to the laws as they were at the time of the enactment of the section.

Section 9, Chapter 237, Laws 1917, is still plainer: "In the same manner as is provided by law for acquiring property for other public uses." Indeed, at the time this latter section was enacted, the provision for an attorney's fee generally in such condemnation proceeding was existent.

Any other construction of these sections would be confusing and create an incongruous condition, under which there would be two entirely different methods of procedure in civil trials of the same identical nature— one where other public corporations were parties, and another, where the state itself was a party.

The amendment here in question is by no means the only change in the general procedure, since the authorization of the condemnation proceedings by the state in 1905. On the contrary, there have been many other changes.

Section 126 of the Code, passed in 1909, changed the manner of the selection of the jury. Section 132 was amended in 1905 at a later date than the passage of Section 6872, and provided for instructions in writing, when required by either party; and in 1911, the manner of rendering the verdict generally in civil cases, was entirely changed by a provision that three fourths of the jury might find a verdict instead of the unanimous verdict which has been previously required.

If these changes were not to apply to the procedure in a condemnation action brought by the state, because the changes were made *after* the enactment of the law authorizing condemnation proceedings directly in its behalf, it would mean that in all such proceedings the trial courts would be compelled to go back to the old law, and we would have the confusion resulting from two different methods of trying such proceedings.

Besides this, it is only fair that the state should be governed, when it goes into court, by the same rule which it has provided for other litigants. The provision for an attorney's fee in case of condemnation by public corporations, must be deemed to be founded on justice; and if it is just in the case of counties, or other public corporations, that a party who is haled into court without fault, in a condemnation proceeding, should recover a reasonable attorney's fee, it is also equally just and right when the proceeding is brought by the state. It would ill befit the state to provide a rule that other public corporations should pay an attorney's fee in such proceedings, upon the ground that it

was only justice, and then attempt to escape similar liability itself. It ought not to be presumed that the legislature had intended any such unseemly result. It ought to be presumed, unless clearly provided to the contrary, that when the state goes into court and initiates a civil proceeding, it is bound by the same rules which it has declared to be just and fair in regard to other litigants.

It seems, therefore, that the state is liable for an attorney's fee in a condemnation proceeding where it has made no tender, or where a larger sum than it has tendered has been recovered, the same as any other public corporation.

The cases cited on behalf of appellant are easily distinguishable from this case. In *State v. Caseday*, 58 Or. 429 (115 Pac. 287), the trial was a criminal one; and the question was whether the defendant, in alternating with the state in exercising its challenges, should exercise two of its challenges to the states one in each turn (the defendant having double the number of the state's challenges in a criminal proceeding) or whether each side should exercise only one challenge in turn, thereby leaving the defendant with half of his challenges after the state's challenges were all exhausted. It was very properly held that the Criminal Code, being entirely independent of the Civil Code, and its provisions in regard to the selection of the jury and the number of challenges, being entirely different from that of the Civil Code, the provision of the Civil Code alternating challenges one by one, which was entirely inappropriate to the provisions of the Criminal Code as to the number of challenges, did not apply.

The Criminal Code, adopting some of the provisions for the formation of trial juries, did so by express reference to chapter and title of the Civil Code.

"The trial jury is formed in the manner prescribed in Chap. 2, Title 2 of the Code of Civil Procedure, etc."

The general rule already alluded to that where one enactment adopts specially, either by words, or chapter and title, the provision of some other act, that subsequent changes in the adopted act, in the act referred to, are not adopted or carried over, was applied.

There is no question about this general rule, and there was no occasion for the court to consider the exception, and the court did not consider it, or pass upon it in any way.

In *Skelton* v. *Newberg,* 76 Or. 126 (148 Pac. 53), the question was whether the judgment should be reversed, because it had not been entered on the day on which the verdict was rendered, in accordance with the law of 1907. Previous to that time the provision was that the judgment should be entered within two days from the time the verdict was rendered. As a matter of fact the judgment had not been entered in accordance with either statute, it not having been entered until twenty-four days after the verdict. The court held that both statutes were directory only, and that the judgment could not be reversed on that ground.

It was provided in the condemnation act then under consideration, that proceedings should be "in the same manner as in an action at law, except as in this title otherwise provided." However, it was "specially provided" in the condemnation act that judgment should not be given appropriating the land until the damages sustained by the defendant were paid into court. Of course, in such a case the provisions of the general law were inapplicable.

In that case the court again refers to the general rule that—

93 Or. —29

"Where the provisions of one statute are incorporated into another by mere reference, a subsequent change in the former will not disturb the terms of the latter."

But the exception seems to have been in no way called to the attention of the court, and, as we have seen, the question was in no way before the court.

In the case of *Martin* v. *Gilliam County,* 89 Or. 394 (173 Pac. 938), the question was an entirely different one, being the question of whether or not Chapter 222, Laws of 1915, extending the budget law over districts and cities, was constitutional. It was held that it was not because it amended a previous act in effect by mere reference to its title.

The doctrine announced in that case may have been entirely proper and applicable under the circumstances, but it would be carrying it much too far, and would result in utter chaos in our judicial procedure, to attempt to apply it to provisions in relation to procedure like those now under consideration; for the instances under our practice in which the proceedings in one class of cases have been regulated by the adoption of the proceedings pointed out in other provisions of the Code, and in that way alone, are manifold; and yet these provisions have been constantly accepted and the courts have been proceeding thereunder in many cases for years.

As we have already seen, a very large portion of the proceedings in criminal cases are those thus adopted and applied from the Civil Code. We would be without any provisions whatever for the regulation of the proceedings in condemnation cases, if such adoption by reference was not valid.

Section 6860, L. O. L., being a part of the general act providing for the appropriation of lands by railroads and other corporations, provides:

"Such action shall be commenced and proceeded in to the final determination, in the same manner as an action at law, except as in this title otherwise specially provided."

So in Section 7042, L. O. L., in regard to proceedings by a wife to compel the support of her husband, the only provision in regard to the practice, is:

"The practice in such cases shall conform as nearly as may be to the practice in divorce cases, and the court shall have power to enforce its orders as in a suit for divorce, or other suits in equity."

And the Code is full of similar provisions, where one law is made applicable by mere reference to the proceedings under it in another law. Indeed, in this very action there would be no provision whatever for any proceeding by the state to condemn, or any provision regulating the proceedings, if this provision that "the proceeding in said suit, action or proceeding shall be, as far as applicable, the procedure provided in and by the laws of this state for the condemnation of lands by public corporations" is not valid and effectual.

It is further contended by the appellant, however, that the defendant could not recover such an attorney's fee in this particular proceeding, because there was no allegation in the pleading, as to what would be a reasonable fee; but it does not seem to me that any such allegation was necessary. The provision of the law is that "the costs and disbursements of the defendant 'including a reasonable attorney's fee to be fixed by the court at the trial' shall be taxed by the clerk and recovered from the corporation." It seems

clear that the legislature intended this fee as a part of
the costs, to be fixed by the court, and taxed by the
clerk in a summary way, the same as any other costs.

It is true that in most items of cost provided for by
statute, the amount per item is fixed by law, as in case
of witness fees at so much per day, and so much per
mile; but there is always a question of fact involved
in each item of every cost bill just the same. The
question as to how many days the witness actually did
attend—whether his testimony was material—how
many miles he traveled, etc., are all questions of fact,
which must be settled by the determination of the
court. Yet it would be unreasonable to say that all
of these things must be alleged in formal pleadings at
the commencement of the action. Such a rule would
be utterly impossible. And it would be just as unrea-
sonable to hold that the defendant must, in its answer,
allege what would be a reasonable attorney's fee to
be fixed by the court, in advance of the actual litiga-
tion. The reasonableness of the attorney's fee would
depend entirely upon developments in the case, which
the defendant could not know at the beginning of the
action. Under our practice the defendant must swear
to his answer, and to require him to allege and swear
to something which he could not know, and which
would depend wholly and entirely upon future de-
velopments, would be not only to invite but compel
him to perjury.

A case like this is clearly distinguishable from the
ordinary proceeding to recover on a promissory note
or in the matter of a mechanic's lien. There the
plaintiff is the moving party and the fee in the first
instance is largely theoretical and it seems necessary
to make the amount of it, an issue of fact.

But here the law provides that (where there is no tender or the tender is exceeded by the verdict) the defendant shall recover such a fee in *every* case. The law does not say that if he pleads it or asks for it, he shall recover it, but he shall absolutely be entitled to some fee and the only question to be passed upon is the amount of the fee; which shall be fixed by the court in every case, without regard to the pleading, and then shall be taxed by the clerk, the same as other costs and disbursements.

The only difference between the taxing of this and any other item of cost, is that in ordinary disbursements, the amount is fixed by law per item, and the question of fact arising is, as to what items the prevailing party is entitled to recover; while here by reason of the nature of the item, it cannot be fixed arbitrarily by law, and is left to the discretion of the court. But the principle is no different from that involved in the taxing of any other item of cost.

In this case there seems to be no question as to the amount of the fee, or the reasonableness of the sum fixed by the court, if the defendant is entitled to recover costs at all. In this view of the case it is unnecessary to inquire into the question of whether or not the amendment of the pleading at the close of the trial was timely or within the proper discretion of the court.

Judgment of the court below should be affirmed.

HARRIS, J.—1. I agree with the reasoning employed by Mr. Justice BENNETT and I concur in the conclusion reached by him concerning the effect which the amendment of a previously adopted statute has upon the adopting statute; but I cannot concur in the conclusion that Chapter 49, Laws 1913, empowers the

judge to fix and allow an attorney's fee without a pleading claiming it and without evidence proving it.

2. The state is not liable at all for costs and disbursements unless there is some statute which expressly or at least by clear and necessary implication includes it, because the rule, universally recognized and universally applied, is that the mere general terms of a statute giving costs do not include the sovereign: 10 R. C. L. 194. The right of a private person to an affirmative judgment against the state for costs and disbursements must be measured and determined by the cold language of the statute, and by nothing else. Section 577, L. O. L., declares that,

"In all actions or suits prosecuted or defended in the name and for the use of the state * * the state * * shall be liable for and may recover costs in like manner and with like effect as in the case of natural persons."

Section 6860, L. O. L., provides that an action for the condemnation of land "shall be commenced and proceeded in to final determination in the same manner as an action at law, except as in this title otherwise specially provided." Section 6868, L. O. L., as amended by Chapter 49, Laws 1913, states that:

"The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, shall be taxed by the clerk and recovered from the corporation, but if it appear that such corporation tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements from the defendant, but the defendant shall not be required to pay the plaintiff's attorney fee."

Manifestly, the legislature has expressly included the state.

The jury returned a verdict fixing $750 as the damages to be paid for taking the land. Upon the return of the verdict a judgment was entered on June 14, 1918, reciting the finding of the jury and ordering that upon the payment of the sum of $750 the land be appropriated unto the state for the purposes of a highway; and this same judgment also adjudged that the defendants recover from the plaintiff their costs and disbursements "together with the sum of $300, which is hereby fixed and allowed to said defendants as a reasonable attorney's fee." Five days afterwards, on June 19th, a second judgment was entered reciting that the plaintiff "has paid into this court the sum of $750, being the amount of damages assessed by the jury and found for said defendants in this cause," and it was adjudged that the premises "be and the same are hereby condemned and appropriated to the plaintiff * * for a right of way for a state highway."

3. The court did not have the power to enter a judgment compelling payment of the award, for if the state desired to do so it could have abandoned the proceeding. The purpose of the trial was simply to ascertain and fix the amount which should be paid if the state concluded to take the land: *Oregonian R. Co.* v. *Hill,* 9 Or. 377; *Oregon R. Co.* v. *Bridwell,* 11 Or. 282 (3 Pac. 684); *McCall* v. *Marion County,* 43 Or. 536, 541 (73 Pac. 1030, 75 Pac. 140). However, Section 6868, L. O. L., as amended by Chapter 49, Laws 1913, provides that—

"The costs and disbursements of the defendant, including a reasonable attorney's fee * * shall be * * recovered from the corporation * * ."

4. In other words, the plaintiff must, aside from the exceptions named in the statute, pay the costs and disbursements of the defendant; and if there has been a

verdict by the jury the plaintiff must also pay a reasonable attorney's fee: *Warm Springs Irr. Dist.* v. *Pacific Livestock Co.*, 89 Or. 19 (173 Pac. 265). The trial of an action in which land is condemned for a public use is followed by a judgment which is made up of two distinct parts: One, the part which relates to the value of the land, the plaintiff must pay only in the event the land is actually taken; while the other, 'the part which relates to the costs and disbursements, must, in all cases where the land owner is entitled to costs and disbursements, be paid at all events, regardless of whether the plaintiff does or does not take the land. Originally Section 6868 included only costs and disbursements and no provision was made for a reasonable attorney's fee until the amendment of 1913. Obviously it was the purpose of the legislature to compel the payment of a reasonable attorney's fee if a condemnation action proceeded as far as a verdict; and in order to accomplish that purpose the lawmakers directed that the amount of a reasonable attorney's fee should be included with and become a part of the costs and disbursements, because by including the item for the attorney's fee with the costs and disbursements the defendant could enforce the collection of the attorney's fee if the plaintiff declined to take the land after the jury fixed its value.

The amendment of 1913 declares that this reasonable attorney's fee "shall be taxed by the clerk." That officer, however, has nothing to do with fixing the amount. The statute says that the amount is to be fixed, not by the "judge," but by the "court"; and the amount is to be fixed by the court "at the trial." It is true that the circumstance that the word "court" appears in the statute is not conclusive; but it is also true that the employment of the word "court" instead

of the word ''judge'' is highly significant. If the word ''judge'' had been used that circumstance, it must be conceded, would greatly strengthen the position of the defendants and the strength of their position would be further augmented if besides using the word ''judge'' instead of the word ''court,'' the words ''at the trial'' had been omitted. The statute however does not employ the word ''judge''; nor does it omit the words ''at the trial''; and consequently the presence of the words ''court'' and ''at the trial'' are at least significant, if not very persuasive: See *Warm Springs Irr. Dist.* v. *Pacific Livestock Co.,* 89 Or. 19 (173 Pac. 265). The language of Chapter 49, Laws 1913, so far as it relates to the allowance of a reasonable attorney's fee, is substantially like every other statute that had ever been enacted prior to 1913 in this state for the allowance of an attorney's fee: See Sections 7424, 7434, 7442, 7448, 7459, 7495 and 7503, L. O. L.

5. The words ''shall allow a reasonable attorney's fee'' or the words ''a reasonable attorney's fee shall be allowed,'' and the like, have never been construed to mean that a party is entitled to the allowance of an attorney's fee in the absence of allegations and proof. In this jurisdiction the rule has always been that a litigant upon whom the statute confers the right to an attorney's fee must in order to exercise that right, allege the amount claimed and offer evidence in support of the allegation; and if the litigant fails to allege some amount or to prove some amount he must fail and the judge cannot allow some amount in despite of the absence of allegations or evidence merely because he happens to have special knowledge upon the subject, any more than he could in like circumstances fix the value of a horse, alleged to have been converted,

merely because he happens to have special knowledge about horses and their value. The practice in this jurisdiction is illustrated by Section 7424, L. O. L., and the construction placed upon it by this court. This section is a part of the mechanic's lien statute which was enacted in 1885 and, so far as it relates to attorneys' fees, reads as follows:

"In all suits under this act, the court shall, upon entering judgment for the plaintiff, allow as a part of the costs all moneys paid for the filing and recording of the lien, and also a reasonable amount as attorney's fees."

The language of Section 7424, it will be observed, is just as imperative as the words in Chapter 49, Laws 1913; and yet every recorded decision, without a single exception, has been to the effect that a claimant under Section 7424 must claim an attorney's fee by alleging and proving it: *McInnis* v. *Buchanan,* 53 Or. 533; 542 (99 Pac. 929); *Sattler* v. *Knapp,* 60 Or. 466 (120 Pac. 2). Indeed, the language found in most of the sections of the Code, to which attention has already been directed, is not less mandatory than the words in Chapter 49, Laws 1913. Nor does the circumstance that the attorney's fee is associated with the "costs and disbursements" of the trial differentiate Chapter 49, Laws 1913, from any of the other sections of the Code which have been mentioned. In Section 7424 the court shall "allow as a part of the costs all moneys paid for the filing and recording of the lien, and also a reasonable amount as attorney's fees." It is said in Section 7434, L. O. L., that "the court shall allow such attorney's fees as may be reasonable, to be taxed as costs." We read in Section 7448, L. O. L., that—

"The court shall, upon entering judgment for the plaintiff, allow as a part of the costs all moneys paid

for the filing and recording of the lien, and also a reasonable amount as attorney's fees.''

Section 7459, L. O. L., declares that a lien claimant ''Shall be entitled to recover out of the proceeds of the sale of said property, or from the person owning the same, the cost and expense of making and recording said lien, together with such sum as the court shall adjudge reasonable as attorney's fees in any suit brought to foreclose said lien.''

Section 7495, L. O. L., states that the lien claimant shall be entitled to recover the expense of making and recording the lien ''together with such sum as the court shall adjudge reasonable as attorney's fees.'' In Section 7503, L. O. L., it is stated that in all suits brought to foreclose certain liens ''the court shall, upon entering judgment for the plaintiff, allow as a part of the costs in said suit all moneys paid for the filing and recording of the lien and also a reasonable amount as attorney's fees.'' The act of 1913 was framed in the light of prior legislation providing for attorney's fees and in the light of the construction placed by the courts upon such prior legislation; and consequently the same practice should prevail in the application of the statute of 1913 as has prevailed in the application of prior like legislation. The amendment of 1913 contemplates that the question of the amount of an attorney's fee is one of fact to be submitted to the triers of fact upon pleadings and evidence the same as any other disputed question of fact and in conformity with the practice which has without exception been followed from the beginning in this jurisdiction. If the amount is to be fixed by the ''judge'' why does the statute command that it be fixed at the ''trial''? If the amount is to be fixed without evidence, then why does the statute command

that it be fixed "at the trial"? The obvious intent of the statute is that the defendant shall claim an attorney's fee by alleging it so that the opposing party may appear "at the trial" with witnesses and litigate the question before the "court" exactly as any other disputed fact is litigated. The statute contemplates that the amount of the attorney's fee must be (1) alleged; (2) proved by evidence; and (3) tried by a jury if the other facts are tried by a jury.

6. It is true that in *Portland Sash & Door Co.* v. *Parker,* 61 Or. 203 (121 Pac. 1135), and in *Wills* v. *Zanello,* 59 Or. 291 (117 Pac. 291), it was stipulated by the litigants that the court could fix the amount of an attorney's fee and based upon such stipulation the court did fix the fees. But in neither of those cases were any of the questions now under consideration raised or discussed or decided and hence neither of those decisions should be regarded as a precedent. All the arguments that have been here advanced in support of the position taken by the defendants, including the argument growing out of the difference between fees allowed by statute and those stipulated for by contract as well as the argument based upon the records made in *Portland Sash & Door Co.* v. *Parker,* 61 Or. 203 (121 Pac. 1135), and *Wills* v. *Zanello,* 59 Or. 291 (117 Pac. 291), and also the argument predicated upon the holdings made in some of the other states, were presented and considered in *Columbia River Door Co.* v. *Todd,* 90 Or. 147 (175 Pac. 443, 860) ; and in that case this court squarely decided that the attorney's fee allowed by the statute was an issuable fact to be pleaded and proved by evidence. The act of 1913 was not intended to dispense with pleading and evidence. Not even "costs and disbursements" can be allowed a successful litigant in any suit or action

unless he pleads his "costs and disbursements" by filing a verified cost bill, and if the defeated litigant desires to contest the cost bill he must do so by filing verified objections and these two verified papers constitute the pleadings. The statute of 1913 does not contemplate that the person presiding "at the trial" shall be a compulsory witness and at the same time and in the same proceeding be the judge of his own testimony. There was no evidence upon the subject of attorney's fees; and there was no stipulation fixing the amount of an attorney's fee; and therefore to allow an attorney's fee is to repudiate an express ruling made less than one year ago and after the most careful and deliberate consideration in *Columbia River Door Co.* v. *Todd,* 90 Or. 147 (175 Pac. 443, 860), as well as to overrule every precedent dealing with the subject: *McInnis* v. *Buchanan,* 53 Or. 533, 542 (99 Pac. 929); *Sattler* v. *Knapp,* 60 Or. 466 (120 Pac. 2). The judgment appealed from is modified by striking out the item of $300 for attorney's fee.

Modified.

Benson, Burnett and Johns, JJ., concur.